IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CHARI WARREN,                          )
                                       )
                  Plaintiff,           )
                                       )
       v.                              )
                                       )     Civil Action No. 3-23-00022
THE ESTATE OF TIMOTHY JAY ROBERTS,     )
PSA AIRLINES, INC., AND PIEDMONT       )
AIRLINES, INC.,                        )
                                       )
                  Defendants.          )

**EXHIBIT B**

**TO**

**NOTICE OF REMOVAL**

(Copy of Court File Piedmont Obtained from District Court)

# STATE OF NORTH CAROLINA

_____Mecklenburg_____ County

**Name And Address Of Plaintiff**
Chari Warren
C/o Maxwell & Price LLP
10130 Perimeter Parkway Suite 200
Charlotte, NC 28216

**VERSUS**

**Name And Address Of Defendant**
PSA Airlines
160 Mine Lake Ct Ste
Raleigh, NC 27615

*File No.* 22 CVD 19330

In The General Court Of Justice

2022 NOV 28 P 1:34

## SERVICEMEMBERS CIVIL RELIEF ACT AFFIDAVIT

50 U.S.C. 3901 to 4043

**NOTE:** *Though this form may be used in a Chapter 45 Foreclosure action, it is not a substitute for the certification that may be required by G.S. 45-21.12A.*

| AFFIDAVIT |
|---|

I, the undersigned Affiant, under penalty of perjury declare the following to be true:

1. As of the current date: *(check one of the following)*
   - ☐ a. I have personal knowledge that the defendant named above is in military service.*
   - ☒ b. I have personal knowledge that the defendant named above is **not** in military service.*
   - ☐ c. I am unable to determine whether the defendant named above is in military service.*

2. *(check one of the following)*
   - ☐ a. I used the Servicemembers Civil Relief Act Website (https://scra.dmdc.osd.mil/) to determine the defendant's military status.
     - ☐ The results from my use of that website are attached.
     - **(NOTE:** *The Servicemembers Civil Relief Act Website is a website maintained by the Department of Defense (DoD). If DoD security certificates are not installed on your computer, you may experience security alerts from your internet browser when you attempt to access the website. DoD security certificates were automatically added to the computers of all Judicial Branch users, such that these users should not expect security alerts to appear with this website after July of 2015. As of June 22, 2016, the Servicemembers Civil Relief Act Website includes the following advice: "Most web browsers don't come with the DoD certificates already installed. The best and most secure solution is for the user to install all of the DoD's public certificates in their web browser.")*
   - ☒ b. I have not used the Servicemembers Civil Relief Act Website and the following facts support my statement as to the defendant's military service: *(State how you know the defendant is not in the military. Be specific.)*

   _Defendant is a business_

\***NOTE:** *The term "military service" includes the following: active duty service as a member of the United States Army, Navy, Air Force, Marine Corps, or Coast Guard; service as a member of the National Guard under a call to active service authorized by the President or the Secretary of Defense for a period of more than 30 consecutive days for purposes of responding to a national emergency; active service as a commissioned officer of the Public Health Service or of the National Oceanic and Atmospheric Administration; any period of service during which a servicemember is absent from duty on account of sickness, wounds, leave, or other lawful cause. 50 U.S.C. 3911(2).*

| SWORN/AFFIRMED AND SUBSCRIBED TO BEFORE ME | Date 11/28/22 |
|---|---|

| Date NOVEMBER 28, 2022 | Signature Of Affiant |
|---|---|
| Signature Of Person Authorized To Administer Oaths<br>Jennifer D. Villafranco | Name Of Affiant (type or print)<br>Amanda Price |

☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court ☐ Magistrate

| SEAL | ☒ Notary | Date My Commission Expires FEBRUARY 14, 2023 |
|---|---|---|

**NOTE TO COURT:** *Do not proceed to enter judgment in a non-criminal case in which the defendant has not made an appearance until a Servicemembers Civil Relief Act affidavit (whether on this form or not) has been filed, and if it appears that the defendant is in military service, do not proceed to enter judgment until such time that you have appointed an attorney to represent him or her.*

*(Over)*

AOC-G-250, Rev. 2/18
© 2018 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

Mecklenburg _____ County

File No. _2t_ CVO 1933C

In The General Court Of Justice
☐ District ☐ Superior Court Division

**Name Of Plaintiff**
Chari Warren

**Address**
2615 Baystock Rd

**City, State, Zip**
Charlotte, NC 28208

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

### VERSUS

**Name Of Defendant(s)**
Piedmont Airlines

Psa Airlines

**Date Original Summons Issued**

**Date(s) Subsequent Summons(es) Issued**

## To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| PSA Airlines<br>160 Mine Lake Ct Ste200<br>Raleigh NC 27615 | Piedmont Airlines<br>160 Mine Lake Ct Ste 200<br>Raleigh, NC 27615 |

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1.  Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2.  File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)**
Amanda Price
10130 Perimeter Parkway #200
Charlotte, NC 28216

**Date Issued** 11-28-88  **Time** 1,35  ☐ AM ☑ PM

**Signature**

☑ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

**Date Of Endorsement**  **Time**  ☐ AM ☐ PM

**Signature**

☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

Mecklenburg County

**Name And Address Of Plaintiff 1**
Chari Warren
2415 White Hall Estates Dr Apt R
Charlotte, NC 28273

**Name And Address Of Plaintiff 2**

File No. 22 CVD 19330

In The General Court Of Justice
District Court Division

**DOMESTIC
CIVIL ACTION COVER SHEET**

☒ INITIAL FILING   ☐ SUBSEQUENT FILING

*Rule 5(b), Rules of Practice For Superior and District Courts*

| VERSUS | |
|---|---|
| **Name Of Defendant 1**<br>Peidmont Airlines<br>160 Mine Lake Ct Ste 200<br>Raleigh, NC 27615 | Jury Demanded In Pleading? ☐ No ☒ Yes |

**Jury Demanded In Pleading?** ☐ No ☒ Yes

*Name And Address Of Attorney Or Party, If Not Represented (complete for initial appearance or change of address)*
Amanda  Price
Maxwell & Price LLP

Charlotte, NC 28246

| Telephone No. | Cellular Telephone No. |
|---|---|
| 704-444-0537 | 202-848-3642 |

| NC Attorney Bar No. | Attorney E-Mail Address |
|---|---|
| 57200 | amanda@mapllp.com |

☒ Initial Appearance in Case   ☐ Change of Address

**Name Of Firm**
Maxwell and Price, LLP

**FAX No.**
202-706-6059

**Summons Submitted** ☒ Yes ☐ No

**Name Of Defendant 2**
PSA Airlines 160
160 Mine Lake Ct St 200
Raleigh, NC 27615

**Summons Submitted** ☒ Yes ☐ No

**Counsel for**
☒ All Plaintiffs ☐ All Defendants ☐ Only *(List party(ies) represented)*

| TYPE OF PLEADING | CLAIMS FOR RELIEF |
|---|---|
| *(check all that apply)* | *(check all that apply)* |
| ☐ Amended Answer/Reply (AMND-Response) | ☐ Alimony (ALIM) |
| ☐ Amended Complaint (AMND) | ☐ Annulment (ANUL) |
| ☐ Answer/Reply (ANSW-Response) | ☐ Child Support (CSUP) |
| ☒ Complaint (COMP) | ☐ Custody (CUST) |
| ☐ Confession Of Judgment (CNFJ) | ☐ Divorce (DIVR) |
| ☐ Contempt (CNTP) | ☐ Divorce From Bed And Board (DIVB) |
| ☐ Continue (CNTN) | ☐ Domestic Violence (DOME) |
| ☐ Compel (CMPL) | ☐ Equitable Distribution (EQUD) |
| ☐ Counterclaim vs. (CTCL) *Assess Counterclaim Costs* | ☐ Medical Coverage (MEDC) |
| ☐ Extend Time For An Answer (MEOT-Response) | ☐ Paternity (PATR) |
| ☐ Modification Of Alimony (MALI) | ☐ Possession Of Personal Property (POPP) |
| ☐ Modification Of Custody (MCUS) | ☐ Post Separation Support (PSSU) |
| ☐ Modification Of Support in non-IV-D cases (MSUP) | ☐ Reimbursement For Public Assistance (RPPA) |
| ☐ Modification Of Visitation (MVIS) | ☐ Visitation (VIST) |
| ☐ Rule 12 Motion In Lieu Of Answer (MDLA) | ☐ Other: *(specify and list separately)* |
| ☐ Sanctions (SANC) | |
| ☐ Show Cause (SHOW) | |
| ☐ Transfer (TRFR) | |
| ☐ Vacate/Modify Judgment or Order (VCMD) | |
| ☐ Other (OTHR): | |

| Date | Signature Of Attorney/Party |
|---|---|
| 11-28-22 | *[signature]* |

**NOTE:** *All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must include a Domestic (AOC-CV-750), Motions (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.*

AOC-CV-750, Rev. 1/14
© 2014 Administrative Office of the Courts

Case 3:22-cv-00022-RJC-SCR   Document 1-2   Filed 01/13/23   Page 4 of 24

State of North Carolina

Civil Action No.

Chari Warren
2415 Whitehall Estates Dr
Apt R
Charlotte, NC 28273
         Plaintiff,

v.

Timothy Jay Roberts
3487 State Rd 1806
Newton, NC 28658,

PSA Airlines, Inc.
    Serve: CSC – Delaware
    2626 Glenwood Ave Ste 550
    Raleigh, NC 27608,

        and

Piedmont Airlines, Inc.
    Serve: CSC – Delaware
    2626 Glenwood Ave Ste 550
    Raleigh, NC 27608.

        Defendants.

**JURY TRIAL DEMANDED**

**COMPLAINT**

    Plaintiff, Chari Warren, by and through undersigned counsel, files this Complaint against

the Timothy Jay Roberts (hereinafter referred to as "Defendant Roberts", or "Pilot"), PSA

Airlines, Inc. (hereinafter referred to as "Defendant PSA", or "the Company"), and Piedmont

Airlines, Inc. (hereinafter referred to as "Defendant Piedmont"); and for her complaint states as

follows:

-1-

Doc ID: 2499c98b3f8701daffc405e519c2a33e3709c702

## NATURE OF COMPLAINT

This is an action to recover for intentional and negligent misconduct by Defendants Timothy Jay Roberts, PSA Airlines, Inc. and Piedmont Airlines, Inc. against Plaintiff Chari Warren for violations of Title VII of the Civil Rights act of 1964 (Count I), Negligent Retention and Supervision (Count II), Assault (Count III), and Battery (Count IV).

Timothy Jay Roberts, a pilot employed by PSA sexually assaulted Ms. Warren, who is also PSA's employee, at work on June 3, 2019. Prior to this sexual assault, PSA was well-aware it had a problem on its hands. Warren was probably not Roberts' first victim, and the Company knew it. The pilot also had been facing alcoholism problems and it was intoxicated when this sexual harassment episode happened. Moreover, Warren reported Roberts' sexual harassment, but the Company told her there was nothing it could do. Plaintiff asserts *respondent superior* and *res ipsa loquitur* were relevant.

## JURISDICTION

The events giving rise to this lawsuit largely took place in Mecklenburg County, North Carolina. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as there are issues of Federal Law.

Venue is proper in the Charlotte Division of the Western District of North Carolina because: (a) Defendants' unlawful employment practices were committed in Mecklenburg County, North Carolina; (b) Plaintiff worked in Mecklenburg County, North Carolina for Defendants; (c) Defendants reside in Mecklenburg County, North Carolina because they are subject to the Court's personal jurisdiction here in light of their presence in Mecklenburg County and elsewhere in the Western District of North Carolina; and (d) a substantial part of the events

Doc ID: 2499c98b3f8701daffc405e519c2a33e3709c702

or omissions giving rise to Plaintiff's claims occurred in Mecklenburg County, North Carolina and elsewhere in the Western District of North Carolina.

## PARTIES

Plaintiff, Chari Warren, is a resident of North Carolina and a citizen of the United States. Plaintiff works for Defendant PSA in Mecklenburg County, North Carolina.

Defendant, PSA Airlines, Inc. is a company incorporated in the United States and doing business in North Carolina. Defendant PSA regularly transacted business in Mecklenburg County, North Carolina.

Defendant, Piedmont Airlines, Inc. is a company incorporated in the United States and doing business in North Carolina.

Defendant, Timothy Jay Roberts is an airplane pilot working for American Airlines Group. Defendant Roberts is a resident of North Carolina and a citizen of the United States.

## STATEMENT OF FACTS

1. Piedmont Airlines Inc., hired Ms. Warren as a Gate Agent.

2. Early on, Warren enjoyed her job. She has always been a great employee. She has never been written-up or otherwise disciplined, and she consistently receives positive feedback.

3. Ms. Warren is a female and over 18 years old. Without any lawful justification or excuse Defendant Roberts intentionally violated her by making sexual advances at her while she was working as an airline gate agent.

4. In the year 2019, Ms. Warren was sexually assaulted by former PSA Captain Timothy Jay Roberts. On the day of the assault, Roberts came to work smelling like alcohol.

Doc ID: 2499c98b3f8701daffc405e519c2a33e3709c702

5.     The pilot gave her an unwanted and unnecessary kiss and made very sexual remarks. She then went back to her supervisor and informed her of the unwanted sexual advance and touching. This was all extremely unwelcome conduct.

6.     Warren put the Company on notice of the pilot's sexually harassing behavior. As mandated by Ms. Warren's workplace policy and relevant Federal Transportation Administration policy, Ms. Warren reported Roberts to Ernest Taylor. Ms. Warren also reported Roberts' smell of alcohol to her supervisor before she was assaulted by Roberts.

7.     Warren informed PSA and Piedmont Airlines Inc., that Roberts' comments and misconduct made her uncomfortable. She told Ernest that she did not want to work with him any longer.

8.     Warren did nothing to encourage these advances and made it known that she was not interested in Roberts.

9.     As a result of Roberts behavior, Ms. Warren filed a police report to document the incident.

10.     In addition to sexually violating and harassing Ms. Warren, Roberts added insult to injury by discussing the matter with other employees.

11.     Despite Mr. Robert's intoxication, sexual harassment, and requests not to be near Defendant Roberts again, Ms. Warren was forced to continue to work with him the very next day.

12.     Roberts shared the facts of the incident with other employees of the company. This subjected her to a further harassment and an extremely hostile work environment.

13.     As an employee of Piedmont Airlines Inc.,, Ms. Warren has suffered. Ms. Warren sought therapy due to the stress and overall impact of the incident and the environment

-4-

Doc ID: 2499c98b3f8701daffc405e519c2a33e3709c702

that she has been forced to work in. Further PSA and Piedmont Airlines Inc.,, tasked with the proper investigation of these very issues, not only turned a blind eye, but actively ignored Ms. Warren.

14.     When Ms. Warren specifically inquired with Ernest Taylor about further investigation of her claims, she was informed that incidents of this nature happen often, and Roberts was not reprimanded nor was there a full investigation or follow through with the proper protocol and procedure. This has led to and continues to cause severe mental anguish, including fright, humiliation, and severe anxiety.

15.     PSA/Piedmont were aware of the circumstances, but, instead, the companies chose to blatantly disregard the incident. They also forced Ms. Warren through further psychological trauma by bringing her back to work with her abuser on the very next day. In addition, the companies also failed to maintain the security cameras at the gate where Ms. Warren was violated.

## COUNT I
*(Violation of Title VII of the Civil Rights Act of 1964 against Defendants PSA and Piedmont)*

16.     Plaintiff repeats and realleges each and every allegation set forth above and below or in any attachment hereto as if fully set forth herein.

17.     Plaintiff is, and at all relevant times was, an employee covered by the protections of Title VII of the Civil Rights Act of 1964 ("Title VII") as defined in 42 U.S.C. § 2000e(f).

18.     Defendants PSA/Piedmont are, and at all relevant times were, an employer as defined in 42 U.S.C. § 2000e(b) subject to the prohibitions of Title VII.

19.     The Title VII of the Civil Rights Act of 1964, *42 U.S.C.S. § 2000e et seq.*, makes it unlawful "for an employer to discriminate against any individual with respect to her

-5-

Doc ID: 2499c98b3f8701daffc405e519c2a33e3709c702

compensation, terms, conditions, or privileges of employment, because of such individual's sex". *42 U.S.C.S. § 2000e-2(a)(1)*.

20.     Defendants PSA and Piedmont violated Title VII by subjecting Plaintiff to a hostile work environment based upon her sex.

21.     "Sexual harassment, which includes unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature, is a form of sex discrimination prohibited by Title VII.  For analytical purposes, employment discrimination in the form of sexual harassment is often categorized into two varieties: harassment that creates an offensive or hostile work environment, and quid pro quo harassment, where sexual consideration is demanded in exchange for job benefits." *Norman v. N.C. Dep't of Admin.*, 257 N.C. App. 673, 674, 811 S.E.2d 177, 180 (2018).

22.     "To establish a hostile work environment based on sexual harassment under Title VII, a plaintiff-employee must prove that (1) the conduct was unwelcome; (2) it was based on the plaintiff's sex; (3) it was sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) it was imputable on some factual basis to the employer." *Norman v. N.C. Dep't of Admin.*, 257 N.C. App. 673, 674, 811 S.E.2d 177, 180 (2018)

23.     On June 3, 2019, Ms. Warren was sexually assaulted by former PSA Captain Timothy Jay Roberts. The pilot gave her an unwanted and unnecessary kiss on her left cheek as she bent down to give him some papers.

24.     She then went back to her supervisor and informed her of the unwanted sexual advance and touching.  However, nothing was done to punish the perpetrator of this terrible act.

-6-

Doc ID: 2499c98b3f8701daffc405e519c2a33e3709c702

25.     Ms. Warren is a female and over 18 years old.  Without any lawful justification or excuse Defendant Roberts intentionally violated our client by making sexual advances at her while she was working as an airline gate agent.

26.     Despite Mr. Robert's intoxication and sexual harassment, Ms. Warren was forced to continue to work with him the very next day.

27.     Roberts shared the facts of the incident with other employees of the company. This subjected her to a further harassment and an extremely hostile work environment.

28.     Roberts' sexual advances were intentionally directed at Plaintiff.  He directed those unwanted advances towards Plaintiff because she is a female.

29.     Roberts used his position as a pilot for Defendant PSA to perpetrate his campaign of sexual harassment against Plaintiff.

30.     Plaintiff suffered intentional, unwanted harassment because of her sex; the harassment was severe and pervasive; the harassment negatively affected the terms, conditions, or privileges of her employment; the harassment was sex-based; the harassment would detrimentally affect a reasonable person of the same sex; and management knew about the harassment or should have known, and failed to take prompt, remedial action.

31.     As an actual, proximate, and foreseeable result of Defendant PSA's/Piedmont's actions, Plaintiff has suffered lost income and other fringe benefits, damage to reputation, emotional distress, mental distress and anxiety, depression, embarrassment, humiliation, and other compensatory damages.

32.     Defendant PSA's/Piedmont's actions were done maliciously, willfully, wantonly, or in a manner that demonstrates a reckless disregard for Plaintiff's rights.  As a result of Defendant Piedmont's conduct, Plaintiff is entitled to recover punitive damages.

-7-

Doc ID: 2499c98b3f8701daffc405e519c2a33e3709c702

33. Roberts was able to return to work the next day after being intoxicated as he was scheduled to fly a plane full of passengers.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants Piedmont and PSA severally for their Violation of Title VII of the Civil Rights Act of 1964, in the full and just amount of $250,000 in compensatory damages and punitive damages plus interest and costs.

<u>**COUNT II**</u>
*(Negligent Retention and Supervision Against Defendants PSA and Piedmont)*

34. Plaintiff repeats and realleges each and every allegation set forth above and below or in any attachment hereto as if fully set forth herein.

35. At all times alleged herein, Defendant PSA/Piedmont had a duty to exercise due care in the supervision, retention, and hiring of its employees.

36. PSA/Piedmont had a duty to protect Ms. Warren by providing a safe working environment, a duty to properly train and supervise and a duty to terminate and investigate, especially from a known alcoholic and abuser. The airline failed in their duty in that they allowed Roberts, who has been accused of sexual harassment and intoxication absent a proper investigation or blood alcohol testing, to return to work the next day placing Ms. Warren and airline patrons in further harm

37. Defendant PSA/Piedmont was negligent in its supervision and retention of Defendant Roberts in that the employer knew or should have known of his unlawful tortious behavior, including: assault, battery, intoxication while working, and intentional infliction of emotional distress directed toward Plaintiff—and likely other women in Charlotte by its agent, Defendant Roberts.

-8-

38.     In the year 2019, Ms. Warren was sexually assaulted by former PSA Captain Timothy Jay Roberts, while under the influence of alcohol. The pilot gave her an unwanted and unnecessary kiss and made sexual remarks. She then went back to her supervisor and informed her of the unwanted sexual advance and touching. However, nothing was done to punish the perpetrator of this terrible act.

39.     This horrible sequence of physical actions included physical and mental abuse (Threats, Forceful advances and grabbing).

40.     Defendant Piedmont/PSA was further negligent in that it knew or should have known, in the exercise of reasonable care, based on Defendant Roberts' prior tortious actions [such as working while intoxicated with alcohol], that he had a propensity to engage in unlawful tortious conduct, like that directed toward Plaintiff, and that such conduct would have resulting injurious effects on Plaintiff. But for Defendant PSA's/Piedmont's negligence, Plaintiff would not have suffered tortious conduct and damages.

41.     As an actual, proximate, and foreseeable result of Defendant Piedmont's conduct, Plaintiff has suffered emotional distress, mental anguish and anxiety, humiliation, and embarrassment. Even with knowledge of this history, the airline still allowed him to operate a plane and placed him in a position of power over Ms. Warren, soon after victimizing her.

42.     Despite Mr. Robert's intoxication and sexual harassment, Ms. Warren was forced to continue to work with him the very next day. Roberts shared the facts of the incident with other employees of the company. This subjected her to a further harassment and an extremely hostile work environment.

-9-

43.     Defendant PSA's/Piedmont's actions were done maliciously, willfully or wantonly or in a manner that demonstrates a reckless disregard for Plaintiff's rights.  As a result of this conduct, Plaintiff is entitled to recover punitive damages.

**WHEREFORE**, the Plaintiff demands judgment against Defendants PSA and Piedmont for Negligent Retention and Supervision, in the full and just amount of   $250,000 , in actual, compensatory and punitive damages against, plus, interest and costs.

### COUNT III
*(Negligent Infliction of Emotional Distress against Defendants PSA and Piedmont)*

44.     Plaintiff repeats and realleges each and every allegation set forth above and below or in any attachment hereto as if fully set forth herein.

45.     "To state a claim for NIED in North Carolina, a plaintiff must allege: (1) the defendant negligently engaged in conduct; (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress; and (3) the conduct did in fact cause the plaintiff severe emotional distress." *Cash v. Lees-McRae College, Inc.*, No. 1:18CV52, 2018 WL 7297876, at *15 (W.D.N.C. Aug. 13, 2018) (citing *Johnson v. Ruark Obstetrics*, 395 S.E.2d 85, 97 (N.C. 1990)).

46.     In the year, Ms. Warren was sexually assaulted by former PSA Captain Timothy Jay Roberts, while under the influence of alcohol. The pilot gave her an unwanted and unnecessary kiss and made sexual remarks towards Ms. Warren.

47.     She then went back to her supervisor and informed her of the unwanted sexual advance and touching. However, nothing was done to punish the perpetrator of this terrible act.

48.     This horrible sequence of physical actions included physical and mental abuse (Threats, Forceful advances and grabbing).  Therefore, it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress.

-10-

Doc ID: 2499c98b3f8701daffc405e519c2a33e3709c702

49.     Despite Mr. Robert's intoxication and sexual harassment, Ms. Warren was forced to continue to work with him the very next day. Roberts shared the facts of the incident with other employees of the company. This subjected her to a further harassment and an extremely hostile work environment.

50.     Roberts' sexual advances were intentionally directed at Plaintiff. He directed those unwanted advances towards Plaintiff because she is a female.

51.     Roberts used his position as a pilot for Defendant PSA to perpetrate his campaign of sexual harassment against Plaintiff.

52.     Plaintiff suffered intentional, unwanted harassment because of her sex; the harassment was severe and pervasive; the harassment negatively affected the terms, conditions, or privileges of her employment; the harassment was sex-based; the harassment would detrimentally affect a reasonable person of the same sex; and management knew about the harassment or should have known, and failed to take prompt, remedial action.

53.     As an actual, proximate, and foreseeable result of Defendant PSA's/Piedmont's actions, Plaintiff has suffered lost income and other fringe benefits, damage to reputation, emotional distress, mental distress and anxiety, depression, embarrassment, humiliation, and other compensatory damages.

54.     As a result of the airlines negligence Ms. Warren was subject to emotional and physical harm. Roberts has a history of intoxication and misconduct.

55.     Even with knowledge of this history, PSA/Piedmont still allowed him to operate a plane and placed him in a position of power over Ms. Warren, soon after victimizing her.

Doc ID: 2499c98b3f8701daffc405e519c2a33e3709c702

**WHEREFORE**, the Plaintiff demands judgment against the Defendant PSA and Piedmont for Negligent Infliction of Emotional Distress, in the full and just amount of $250,000 , in actual, compensatory and punitive damages against, plus, interest and costs.

### COUNT IV
*(Assault Against All Defendants)*

56.     Plaintiff repeats and realleges each and every allegation set forth above and below or in any attachment hereto as if fully set forth herein.

57.     In the year 2019, Ms. Warren was sexually assaulted by former PSA Captain Timothy Jay Roberts, while under the influence of alcohol. The pilot gave her an unwanted and unnecessary kiss and made sexual remarks towards Mr. Warren. She then went back to her supervisor and informed her of the unwanted sexual advance and touching.

58.     Roberts placed Plaintiff in reasonable apprehension of imminent harmful and offensive contact with her person when, in 2019, he:

        a.  Approached her rapidly and unnecessarily and invaded Plaintiff's personal space;

        b.  Gave her an unwanted and unnecessary kiss;

        c.  Made unwanted and unwelcomed sexual remarks

        d.  Touched the Plaintiff without her consent;

59.     Plaintiff did not consent to Defendant Roberts' imminent harmful and offensive contact with her person. In fact, she repeatedly told him to stop during when the incident happened.

60.     Defendant Roberts' above-alleged actions placed Plaintiff in subjective and objective apprehension of an imminent harmful and offensive contact with her person. The pilot

Doc ID: 2499c98b3f8701daffc405e519c2a33e3709c702

intended to place her in this reasonable apprehension of imminent harmful and offensive contact with her person.

61.     As an actual, proximate, and foreseeable result of Defendant Roberts' actions, Plaintiff has suffered lost income and other fringe benefits, damage to reputation, emotional distress, mental distress and anxiety, depression, embarrassment, humiliation, and other compensatory damages.

62.     The pilot's actions were done maliciously, willfully, wantonly, and in a manner that demonstrates a reckless disregard for Plaintiff's rights. As a result of Defendant Roberts' conduct, Plaintiff is entitled to recover punitive damages.

63.     Defendants PSA/Piedmont are responsible for the pilot's assault through the doctrines of *respondeat superior*, ratification, and agency. Roberts' assault was committed at Defendant PSA's/Piedmont's place of business while the pilot was working within the scope of his employment, so was Ms. Warren.

64.     Defendant PSA'S/Piedmont's actions were done maliciously, willfully or wantonly or in a manner that demonstrates a reckless disregard for Plaintiff's rights.

**WHEREFORE**, the Plaintiff demands judgment against all Defendants for Assault, in the full and just amount of :  $250,000                    in actual, compensatory and punitive damages against, plus, interest and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully request a that a judgment be entered in their favor against Timothy Jay Roberts, PSA Airlines, Inc., and Piedmont Airlines, Inc.:

1.   Entering a judgment against DefendantS;

Doc ID: 2499c98b3f8701daffc405e519c2a33e3709c702

2. Awarding Plaintiff, actual and compensatory damages and all other damages in the amount of at minimum

3. Awarding Plaintiff punitive damages including but not limited to their negligent, disregardful and abusive conduct, and all other damages;

4. Award Plaintiff punitive damages pursuant to N.C. GEN. STAT § 1D-1 *et seq.*;

5. Award Plaintiff punitive damages pursuant to 42 U.S. Code § 1981a;

6. Awarding Plaintiff her attorneys' fees and costs;

7. Awarding statutory pre- and post-judgment interest; and

8. Any and other further relief as the Court deems just and proper.

Date: Tuesday, October 18, 2022

*Amanda Price*

Amanda Price, Esq.
*Counsel for the Plaintiff*
Maxwell and Price, LLP
NC Bar #57200
101 N. Tryon St
Charlotte, NC 28246


I, Chari Warren, solemnly swear and affirm under criminal penalties for the making of a false statement that I have read the foregoing Complaint and that the factual statements made in it are true to the best of my personal knowledge, information and belief.

10 / 18 / 2022

Chari Warren                                            October 11, 2022

-14-

Doc ID: 2499c98b3f8701daffc405e519c2a33e3709c702

# STATE OF NORTH CAROLINA

Mecklenburg _____ County

File No. 22 CvD 1933

In The General Court Of Justice

*Name And Address Of Plaintiff*
Chari Warren
C/o Maxwell & Price LLP
10130 Perimeter Parkway Suite 200
Charlotte, NC 28216

2022 NOV 28  P 1: 34

**VERSUS**

*Name And Address Of Defendant*
Piedmont Airlines
160 Mine Lake Ct Ste
Raleigh, NC 27615

**SERVICEMEMBERS CIVIL RELIEF ACT AFFIDAVIT**

50 U.S.C. 3901 to 4043

**NOTE:** *Though this form may be used in a Chapter 45 Foreclosure action, it is not a substitute for the certification that may be required by G.S. 45-21.12A.*

| AFFIDAVIT |
|---|

I, the undersigned Affiant, under penalty of perjury declare the following to be true:

1. As of the current date: *(check one of the following)*
   - [ ] a. I have personal knowledge that the defendant named above is in military service.*
   - [X] b. I have personal knowledge that the defendant named above is **not** in military service.*
   - [ ] c. I am unable to determine whether the defendant is in military service.*

2. *(check one of the following)*
   - [ ] a. I used the Servicemembers Civil Relief Act Website (https://scra.dmdc.osd.mil/) to determine the defendant's military status.
     - [ ] The results from my use of that website are attached.
     - **(NOTE:** *The Servicemembers Civil Relief Act Website is a website maintained by the Department of Defense (DoD). If DoD security certificates are not installed on your computer, you may experience security alerts from your internet browser when you attempt to access the website. DoD security certificates were automatically added to the computers of all Judicial Branch users, such that these users should not expect security alerts to appear with this website after July of 2015. As of June 22, 2016, the Servicemembers Civil Relief Act Website includes the following advice: "Most web browsers don't come with the DoD certificates already installed. The best and most secure solution is for the user to install all of the DoD's public certificates in their web browser.")*
   - [✓] b. I have not used the Servicemembers Civil Relief Act Website and the following facts support my statement as to the defendant's military service: *(State how you know the defendant is not in the military. Be specific.)*

     *Defendant is a business*

**\*NOTE:** *The term "military service" includes the following: active duty service as a member of the United States Army, Navy, Air Force, Marine Corps, or Coast Guard; service as a member of the National Guard under a call to active service authorized by the President or the Secretary of Defense for a period of more than 30 consecutive days for purposes of responding to a national emergency; active service as a commissioned officer of the Public Health Service or of the National Oceanic and Atmospheric Administration; any period of service during which a servicemember is absent from duty on account of sickness, wounds, leave, or other lawful cause. 50 U.S.C. 3911(2).*

| SWORN/AFFIRMED AND SUBSCRIBED TO BEFORE ME | Date 11/28/22 |
|---|---|
| Date NOVEMBER 28, 2022 | Signature Of Affiant |
| Signature Of Person Authorized To Administer Oaths Jennifer O'Villobranco | Name Of Affiant (type or print) Amanda Price |
| [ ] Deputy CSC  [ ] Assistant CSC  [ ] Clerk of Superior Court  [ ] Magistrate | |
| **SEAL**  [✓] Notary | Date My Commission Expires FEBRUARY 14, 2023 |

**NOTE TO COURT:** *Do not proceed to enter judgment in a non-criminal case in which the defendant has not made an appearance until a Servicemembers Civil Relief Act affidavit (whether on this form or not) has been filed, and if it appears that the defendant is in military service, do not proceed to enter judgment until such time that you have appointed an attorney to represent him or her.*

*(Over)*

AOC-G-250, Rev. 2/18
© 2018 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

Mecklenburg _____ County

In The General Court Of Justice

**Name And Address Of Plaintiff**
Cheri Warren
C/O 10130 Perimeter Parkway Suite 200
Charlotte, NC 28216

FILED

**VERSUS**

2022 DEC 12  P 3:40

MECKLENBURG CO., C.S.C.

BY

## SERVICEMEMBERS CIVIL RELIEF ACT AFFIDAVIT

G.S. Ch. 127B, Art. 4; 50 U.S.C. 3901 to 4043

**Name And Address Of Defendant**
The Estate of Timothy Jay Reece
3487 State Rd #1806
Newton, NC 28658

**NOTE:** Though this form may be used in a Chapter 45 Foreclosure action, it is not a substitute for the certification that may be required by G.S. 45-21.12A.

| AFFIDAVIT |
|---|

I, the undersigned Affiant, under penalty of perjury declare the following to be true:

1. As of the current date: *(check one of the following)*
   - [ ] a. I have personal knowledge that the defendant named above is in military service.*
   - [x] b. I have personal knowledge that the defendant named above is **not** in military service.*
   - [ ] c. I am unable to determine whether the defendant named above is in military service.*

2. As of the current date, I [ ] have [x] have not received a copy of a military order from the defendant named above relating to State active duty as a member of the North Carolina National Guard or service similar to State active duty as a member of the National Guard of another state. *See G.S. 127B-27 and G.S. 127B-28(b).*

3. I [ ] used [x] did not use the Servicemembers Civil Relief Act Website (https://scra.dmdc.osd.mil/) to determine the defendant's federal military service.
   - [ ] The results from my use of that website are attached.
   - **(NOTE:** The Servicemembers Civil Relief Act Website is a website maintained by the Department of Defense (DoD). If DoD security certificates are not installed on your computer, you may experience security alerts from your Internet browser when you attempt to access the website. Members of the North Carolina National Guard under an order of the Governor of this State and members of the National Guard of another state under an order of the governor of that state will not appear in the SCRA Website database.)

4. The following facts support my statement as to the defendant's military service: *(State how you know the defendant is or is not in the military. Be specific.)*

   Estate - Deceased

---

**\*NOTE:** The term "military service" includes the following: active duty service as a member of the United States Army, Navy, Air Force, Marine Corps, or Coast Guard; service as a member of the National Guard under a call to active service authorized by the President or the Secretary of Defense for a period of more than 30 consecutive days for purposes of responding to a national emergency; active service as a commissioned officer of the Public Health Service or of the National Oceanic and Atmospheric Administration; any period of service during which a servicemember is absent from duty on account of sickness, wounds, leave, or other lawful cause. 50 U.S.C. 3911(2). The term "military service" also includes the following: State active duty as a member of the North Carolina National Guard under an order of the Governor pursuant to Chapter 127A of the General Statutes, for a period of more than 30 consecutive days; service as a member of the National Guard of another state who resides in North Carolina and is under an order of the governor of that state that is similar to State active duty, for a period of more than 30 consecutive days. G.S. 127B-27(3) and G.S. 127B-27(4).

---

| SWORN/AFFIRMED AND SUBSCRIBED TO BEFORE ME | Date 12/12/22 |
|---|---|

Date 12/12/2022

Signature Of Affiant

Name Of Affiant (type or print) Amanda Price

Signature Of Person Authorized To Administer Oaths

- [ ] Deputy CSC
- [ ] Assistant CSC
- [x] Clerk Of Superior Court
- [ ] Magistrate

| SEAL | [x] Notary | Date My Commission Expires Feb 6, 2023 | KIMBERLY J BASH<br>Notary Public<br>Mecklenburg Co., North Carolina |
|---|---|---|---|

**NOTE TO COURT:** Do not proceed to enter judgment in a non-criminal case in which the defendant has not made an appearance until a Servicemembers Civil Relief Act affidavit (whether on this form or not) has been filed, and if it appears that the defendant is in military service, do not proceed to enter judgment until such time that you have appointed an attorney to represent him or her.

AOC-G-250, Rev. 5/20, © 2020 Administrative Office of the Courts  (Over)

# STATE OF NORTH CAROLINA

Mecklenburg _____ County

In The General Court Of Justice
☑ District ☐ Superior Court Division

**Name Of Plaintiff**
Cheri Warren

**Address**
C/o 10130 Perimeter Parkway Suite 200

**City, State, Zip**
Charlotte, NC 28216

**VERSUS**

**Name Of Defendant(s)**
The Estate of Timothy Jay Roberts

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**Date Original Summons Issued**

**Date(s) Subsequent Summons(es) Issued**

**To Each Of The Defendant(s) Named Below:**

**Name And Address Of Defendant 1**
The Estate of Timothy Jay Roberts
3487 State Rd #1806
Newton, NC 28658

**Name And Address Of Defendant 2**

⚠ **IMPORTANT! You have been sued!** These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra!** Estos papeles son documentos legales. ¡NO TIRE estos papeles!

Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address Of Plaintiff's Attorney (If none, Address Of Plaintiff)**
Amanda Price
10130 Perimeter Parkway, Unit 200
Charlotte, NC 28216

**Date Issued**
12/12/22

**Time**
3:38 ☐ AM ☑ PM

**Signature**
Alexis Le

☑ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court

---

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

**Date Of Endorsement**

**Time**
☐ AM ☐ PM

**Signature**

☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

(Over)

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

# STATE OF NORTH CAROLINA

Mecklenburg County

Name Of Plaintiff
Chaei Warren

VERSUS

Name Of Defendant
Timothy J. Roberts

File No.

In The General Court Of Justice
☐ District ☒ Superior Court Division

**PETITION TO PROCEED AS AN INDIGENT**

G.S. 1-110; 7A-228

## AFFIDAVIT

*(check one of the four boxes below)*

☒ **Petition To Assert Claims** - As a party in the above entitled action, I affirm that I am financially unable to advance the required costs for the prosecution of the claims I have asserted. Therefore, I now petition the Court for an order allowing me to assert my claims as an indigent.
☐ I am an inmate in the custody of the Division of Adult Correction and Juvenile Justice.
*(NOTE TO CLERK: If this block is checked, this Petition must be submitted to a Superior Court Judge for disposition provided on the reverse.)*

☒ **Petition To File Motions** - As a party in the above entitled action, I affirm that I am financially unable to advance the required costs to file a notice of hearing on a motion. Therefore, I now petition the Court for an order allowing me to file my motion as an indigent.

☒ **Petition To Appeal** - As the individual appellant in the above entitled action, I affirm that I am financially unable to pay the cost for the appeal of this action from small claims court. Therefore, I now petition the Court for an order allowing me to appeal this action to district court as an indigent.

☐ **Petition To File Expunction Petition** - As the petitioner in the above entitled action, I affirm that I am financially unable to advance the required costs to file an expunction petition. Therefore, I now petition the Court for an order allowing me to file my expunction petition as an indigent.

*(check one or more of the boxes below as applicable)*

☐ I am presently a recipient of
  ☒ Supplemental Nutrition Assistance Program (SNAP/food stamps).     ☐ Temporary Assistance for Needy Families (TANF).
  ☐ Supplemental Security Income (SSI).

☐ I am represented by a legal services organization that has as its primary purpose the furnishing of legal services to indigent persons, or I am represented by private counsel working on behalf of such a legal services organization. *(Attach a letter from your legal services attorney or have your attorney sign the certificate below.)*

☐ Although I am not a recipient of SNAP/food stamps, TANF, or SSI, nor am I represented by legal services, I am financially unable to advance the costs of filing this action or appeal.

| SWORN/AFFIRMED AND SUBSCRIBED TO BEFORE ME | Date 10/12/21 |
|---|---|
| Date 10-12-21 | Signature Janice R. Troutman | Signature Of Petitioner |
| Title Of Person Authorized To Administer Oaths Janice R. Troutman | Name And Address Of Petitioner (type or print) |

JANICE R TROUTMAN
SEAL    Notary Public
Mecklenburg Co., North Carolina
My Commission Expires April 15, 2026

## CERTIFICATE OF LEGAL SERVICES/PRO BONO REPRESENTATION

I certify that the above named petitioner is represented by a legal services organization that has as its primary purpose the furnishing of legal services to indigent persons or is represented by private counsel working on behalf of or under the auspices of such legal services organization.

| Date | Signature |
|---|---|
| Name And Address (type or print) | |

## ORDER

Based on the Affidavit appearing above, it is ORDERED that:

☒ the petitioner is authorized to assert claims, to appeal, or file notices of hearing or petitions in this action as an indigent.
☐ the petition is denied.

| Date 1·28·22 | Signature M. Wood | ☒ Assistant CSC | ☐ Clerk Of Superior Court |
|---|---|---|---|
| | | ☐ Judge | ☐ Magistrate (for appeal only) |

NOTE TO CLERK: If the petitioner is NOT a recipient of SNAP/food stamps, TANF, SSI or is NOT represented by legal services or a private attorney on behalf of legal services, you may ask for additional financial information to determine whether the petitioner is unable to pay the costs.

AOC-G-106, Rev. 2/18, © 2018 Administrative Office of the Courts          *(Over)*

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | ☐ AM ☐ PM | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | ☐ AM ☐ PM | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts