IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Chari Warren<br><br>    Plaintiff,<br><br>v.<br><br>The Estate of Timothy Jay Roberts,<br>PSA Airlines, Inc., and Piedmont<br>Airlines, Inc.,<br><br>    Defendants. | Civil Action No. 3:23-00022-RJC-DSC |

### PLAINTIFF'S OPPOSITION TO DEFENDANT PIEDMONT AIRLINES, INC.'S MOTION TO DISMISSTHE COMPLAINT

Plaintiff Chari Warren, by and through the undersigned counsel, respectfully opposes Defendant Piedmont Airlines, Inc.'s (herein "Piedmont") Motion to Dismiss. Defendant makes several improper claims that will be opposed and more fully explained bellow. As grounds for this opposition, Plaintiff relies on the following points and authorities, and any other points and authorities cited on Defendant's motion.

Date: Wednesday, March 01, 2023      Respectfully Submitted,

*Amanda Price*
_____
Amanda Price, Esq.
*Counsel for the Plaintiff*
Maxwell and Price, LLP
NC Bar #57200
10130 Perimeter Parkway Ste 200
Charlotte, NC 28216

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Chari Warren<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>The Estate of Timothy Jay Roberts,<br>PSA Airlines, Inc., and Piedmont<br>Airlines, Inc.,<br><br>　　　　Defendants. | Civil Action No.  3:23-00022-RJC-DSC |

## **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff Chari Warren, by and through the undersigned counsel, respectfully opposes Defendant Piedmont Airlines, Inc.'s Motion to Dismiss.  Defendant claims that the Plaintiff did not comply with the requirements of Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction, 12(b)(4) for insufficient process, 12(b)(5) for insufficient service of process, and 12(b)(6) for failure to state a claim upon which relief can be granted.  However, Defendant's claims should not thrive.  In support of this Opposition, we refer to:

### Relevant Background

As stated in the Plaintiff's complaint, Defendant Roberts, a pilot working for a pilot of co-Defendant PSA Airlines, Inc. ("PSA Airlines"), sexually assaulted Ms. Warren on June 3, 2019, by giving her an unwanted and unnecessary kiss on her left cheek and by making inappropriate sexual comments.  Plaintiff reported Defendant Roberts' conduct to her supervisor and Defendants PSA and Piedmont about the incident.  She also filled a Police Report to inform the authorities of the incident.  Both companies failed to fully investigate her complaint, follow

proper protocol and procedure, and reprimand Defendant Roberts. Ms. Warren asserted claims for Sexual harassment and sex discrimination under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") (Count I) and negligent infliction of emotional distress ("NIED") (Count III), as well as new claims for negligent retention and supervision (Count II) and assault (Count IV). *See generally* Plaintiff's Complaint

<u>LEGAL STANDARD FOR FAILURE TO STATE A CLAIM.</u>

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). The Supreme Court has set forth a "two-pronged approach" that a trial court should use when ruling on a motion to dismiss under Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Thus, the basic pleading standards "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). Once the court has determined that the plaintiff has asserted "well-pleaded factual allegations," it "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*; *see also Atherton v. District of Columbia*, 567 F.3d 672, 681 (D.C. Cir. 2009)

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, the court must take as true all well-pleaded allegations of material fact and must construe them in the light most favorable to the plaintiff. *See* Fed. R. Civ. P. 12(b)(6).

-3-

Case 3:23-cv-00022-RJC-SCR    Document 6    Filed 03/01/23    Page 3 of 17

"In determining whether a complaint fails to state a claim, courts may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which courts may take judicial notice. (…) [A]ny additional exhibits, including those in opposition to a defendants' motion to dismiss, must be considered in construing the sufficiency of the plaintiff's claims." *Shinabargar v. Bd. of Trs. of the Univ. of the D.C.*, 164 F. Supp. 3d 1, 8 (D.D.C. 2016). Additionally, "Fed. R. Civ. P. 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, to encourage brevity and, at the same time, give the defendant fair notice of what the claim is and the grounds upon which it rests. Although Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.*

### LEGAL STANDARD FOR RULES 12(B)(4), 12(B)(5), AND 12(B)(2).

"A motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(4) challenges the sufficiency of process, while Rule 12(b)(5) motions challenge the sufficiency of service of process." *Richardson v. Roberts*, 355 F. Supp. 3d 367, 370 (E.D.N.C. 2019). The plaintiff bears the burden of establishing proper service. *Dalenko v. Stephens*, 917 F. Supp. 2d 535, 542 (E.D.N.C. 2013); *see also Mylan Labs., Inc. v. Akzo*, N.V., 2 F.3d 56, 60 (4th Cir. 1993) (holding that the plaintiff must prove service of process, if challenged). "Where a motion to dismiss is filed based on insufficient process or insufficient service of process, affidavits and other materials outside the pleadings may be properly submitted and considered." *Lackey v. Cty. of Macon*, No. 2:09CV42, 2009 WL 2462186, at *2 (W.D.N.C. Aug. 7, 2009); *U.S. ex rel. Metromont Corp. v. S.J. Constr., Inc.*, No. 1:09CV745, 2010 WL 2793919, at *2 (M.D.N.C. July 15, 2010).

Rule 12(b)(2) of the Federal Rules of Civil Procedure "provides for dismissal where the court lacks personal jurisdiction over a particular named defendant." *Protocol, LLC v. Henderson*, 18 F. Supp. 3d 689, 694 (M.D.N.C. 2014). "The court lacks personal jurisdiction over a defendant that has not been served properly." *Hammonds v. Dep't of Transportation of Div. of Motor Vehicles*, 2019 WL 5957178, at *1 (E.D.N.C. Nov. 12, 2019) (*citing Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)). When a defendant properly challenges the court's personal jurisdiction through a Rule 12(b)(2) motion, "the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

## DISCUSSION

**I. MS. WARREN'S COMPLAINT SHOULD NOT BE DISMISSED PURSUANT TO RULE 12(B)(6).**

  A. <u>*Res Judicata* Does Not Bar This Second Action Because Piedmont and American Airlines Group Should Not Be Considered Parties in Privity.</u>

Defendant's Motion to Dismiss should be denied. Defendant argues that Plaintiff's "second action [brought against Defendant Piedmont] is barred by the doctrine of *res judicata*, as known as claim preclusion." *See* Defendant's Motion to Dismiss at page 5 For the doctrine of *res judicata* to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits. *Nash County Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981). Considering that Piedmont Airlines, Inc. And American Airlines Group, Inc. should not be considered parties in privity, Ms. Warren's claims are not barred by the doctrine of *res judicata*.

Generally speaking, for *res judicata* to bar a claim, the parties in the prior action must be identical to the parties in the new action. *See Taylor v. Sturgell*, 553 U.S. 880, 892-93, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008). However, this general rule is subject to exceptions. *Id*. at 893. One such exception includes privity. *See Hart v. Yamaha-Parts Distribs., Inc.*, 787 F.2d 1468, 1472 (11th Cir. 1986). "Privity describes a relationship between one who is a party of record and a nonparty that is sufficiently close so a judgment for or against the party should bind or protect the nonparty." *Hart*, 787 F.2d at 1472 (citing *S.W. Airlines Co. v. Tex. Int'l Airlines*, 546 F.2d 84, 95 (5th Cir. 1977)) (internal quotations omitted). Privity between a party and nonparty exists "where the nonparty has succeeded to the party's interest in property, where the nonparty controlled the original suit, where the nonparty's interests were represented adequately by the party in the original suit, and where the party and nonparty have concurrent interest in the same property right." *Id*. "The concept of privity requires an alignment of interests and not an exact identity of parties." *Weinberger v. ASCII Group, Inc.*, 510 F.3d 486, 492 (4th Cir. 2007).

Here, in spite of Defendant Piedmont being a subsidiary company of American Airlines Group, the parties are not in privity with one another. Piedmont does not minimally explain what alignment of interests are shared between the two companies. Whatever the outer boundaries of privity may be, Federal Courts have long held that "[a]t a minimum, privity requires a showing that the parties in the two actions are 'really and substantially in interest the same.'" *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1174 (10th Cir. 1979). Defendant fails to do so. Defendant tries to claim privity for purposes of *res judicata*, but also independence from Ms. Warren's employer, for her Title VII and negligence claims. There is an inherent conflict between its assertions that Defendants' corporate dependence must be respected for privity purposes but disregarded for discrimination purposes. For Piedmont, it is

appropriate to ignore the parties' legal separateness when assessing its liability for Warren's damages, but that it is inappropriate to do so outside that context. Having done so, Defendant cannot now have it both ways: either Defendants Piedmont, AAG, and PSA are in privity with one another for both liability and res judicata purposes, or they are not in privity for either purpose. *See R.G. Fin. Corp. v. Vergara-Nunez*, 446 F.3d 178, 186 (1st Cir. 2006) (analyzing privity under Puerto Rico res judicata statute, which is construed "pragmatically"). In sum, the sister subsidiary and the parent are not tied so closely for purposes of the res judicata analysis, and also considered separate entities in terms of being Plaintiff's employer. As such, Defendant's privity argument should be summarily rejected.

> B. <u>Plaintiff's Complaint Does Not Fail To State Her Claims For Negligent Infliction Of Emotional Distress, Assault, and Negligent Retention And Supervision Upon Which Relief Can Be Granted Against Piedmont Under A Theory Of *Respondeat Superior* Or As A Matter Of Law.</u>

"An *employer* is liable under *respondeat superior* where: '(1) the *employer* expressly authorizes the *employee's* act; (2) the tort is committed by the *employee* in the scope of employment and in furtherance of the employer's business; or (3) the *employer* ratifies the *employee's* tortious conduct.'" *Cummings v. Lumbee Tribe of N. Carolina*, 590 F. Supp. 2d 769, 775 (E.D.N.C. 2008) (*quoting Denning–Boyles v. WCES, Inc.*, 123 N.C. App. 409, 414, 473 S.E.2d 38 (N.C. App. Ct. 1996)) (emphasis added); *see also Brown v. Burlington Indus., Inc.*, 93 N.C. App. 431, 436, 378 S.E.2d 232, 235 (1989) (*quoting Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 340 S.E.2d 116, *disc. rev. denied*, 317 N.C. 334, 346 S.E.2d 140 (1986)); *Graham v. Hardee's Food Systems, Inc*., 465 S.E.2d 558 (N.C. Ct. App. 1996). In addition, North Carolina law recognizes a cause of action *against an employer* for negligence in retaining or supervising an employee whose wrongful conduct injures another. *See Hogan*, 79 N.C.App. at

494–95.  Unlike the theory of *respondeat superior* which imposes liability on an employer for the negligence of its employees acting in the course and scope of their employment, the theory of negligent retention and supervision is a direct theory of negligence against the employer and is important in cases where the employee's acts were not within the scope of his or her employment. *Turner v. U.S.A. Logistics, Inc.*, No. 3:14-CV-289-DCK, 2016 WL 3607162, at *4 (W.D.N.C. July 1, 2016) (citing Hogan, 340 S.E.2d at 124).  Lastly, to state a claim for Negligent Infliction of Emotional Distress, a plaintiff must show that: "(1) the defendant negligently engaged in conduct, (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress (often referred to as 'mental anguish'), and (3) the conduct did in fact cause the plaintiff severe emotional distress." *Guthrie*, 152 N.C. App. at 25 (*quoting Johnson v. Ruark Obstetrics*, 327 N.C. 283, 304, 395 S.E.2d 85, 97 (1990)).

Defendant initially argues that it should not be held responsible by stating that it did not employ Roberts because "Plaintiff's Complaint repeatedly alleges that Roberts was an employee for PSA Airlines, Inc." Defendant's Motion at page 13.  Defendant does not categorically deny that Roberts was Piedmont's employee, but rather relies on Ms. Warren's belief that he was a PSA pilot.  At this particular moment, it is still unclear whether by whom Defendant Roberts was employed.  Even though Ms. Warren made a choice to refer to PSA as Roberts' employer, PSA and Piedmont should be seen interchangeably in Plaintiff's Complaint, as there are factual gaps that can only be properly answered as this case progresses through Discovery.   In addition to the general rule that employers or agents of an employer may "both be held liable for the agent's torts committed in the course and scope of the agency relationship under the doctrine of *respondeat superior,"* Woodson v. Rowland*, 329 N.C. 330, 348, 407 S.E.2d 222, 233 (1991), as "North Carolina recognizes a cause of action against an employer for negligence in employing or

retaining an employee whose wrongful conduct injures [a third party]." *Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 495, 340 S.E.2d 116, 123 (1986). A claim may be brought "as an independent tort based on the employer's liability to third parties." *Smith v. Privette*, 128 N.C. App. 490, 494, 495 S.E.2d 395, 398 (1998). "[U]nder the doctrine of negligent hiring or retention of incompetent or unfit employees, . . . the theory of liability is that the employer's negligence is a wrong to third persons, entirely independent of the employer's liability under the doctrine of *respondeat superior*." *O'Connor v. Corbett Lumber Corp.*, 84 N.C. App. 178, 182-83, 352 S.E.2d 267, 270-71 (1987). Considering that Piedmont could indeed be Roberts' former employer back when the incidents described in Plaintiff's complaint took place, it would be premature to dismiss Ms. Warren's claims against Defendant, even if Ms. Warren was just a third party employed by PSA, for example.

     Defendant continues its argument by claiming that "1) there are no allegations that Piedmont (or any entity) authorized Roberts' alleged kiss (which Plaintiff characterizes as an "assault")" Defendant's Motion at 13, "2) the alleged kiss was within the course and scope of Roberts' duties as an airline pilot or in furtherance of Piedmont," *Id.,* "3) or that Piedmont somehow ratified Roberts' conduct /similar misconduct by Roberts was ever brought to Piedmont's attention prior to the June 3, 2019 incident." *Id.* Once again, these allegations are improper and premature. Ms. Warren indeed explained that the incident happened while she and Roberts were working, that, in spite of her efforts to report the incident, nothing was done by the Defendant in order to investigate it, and that the defendant negligently engaged in conduct to ignore Warren's, which caused her severe emotional distress. This fact is sufficient, at least now, to prevent the case's dismissal. This Court should not dismiss these counts merely because it doubts that a Plaintiff will prevail on a claim. In fact, the Court must only dismiss it if "it

-9-

appears beyond doubt that the Plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *See* R. 12(b)(6); *See* also *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Ms. Warren's Complaint sufficiently pleads facts to state a claim for relief that is plausible on its face. *See Twombly* 550 U.S. at 555-56. While Defendant goes to great lengths to dispute the factual allegations contained within Ms. Warren's Complaint in order to allege that Plaintiff did not present all evidence and facts to support her claims , these arguments are inappropriate at this stage of the litigation. Particular factual disputes that surpass the elements of each cause of action presented shall and will be properly answered through discovery. In the meantime, this honorable Court must construe the facts on the face of the Complaint in the light most favorable to the non-moving party and accept as true the allegations in the Complaint. Furthermore, in considering a motion to dismiss, the court must take as true all well-pleaded allegations of material fact and must construe them in the light most favorable to the plaintiff. *See* Federal Rule of Civil Procedure 12(b)(6). Plaintiff meets her factual burden in the way that the allegations were set forth in the Complaint. Ms. Warren's allegations are based and rest upon facts which "raise a right to relief above the speculative level." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974). Thus, they have merit. Defendant's arguments fail if the allegations brought by Plaintiff are taken as true. Nonetheless, Federal Rule of Civil Procedure 8 requires that a complaint contains a short and plain statement of the claim showing that the pleader is entitled to relief, to encourage brevity and, at the same time, give the defendant fair notice of what the claim is and the grounds upon which it rests. As such, this Court should not dismiss Plaintiff's Complaint.

**II.    MS. WARREN'S COMPLAINT SHOULD NOT BE DISMISSED PURSUANT TO AN ALLEGED INSUFFICIENT PROCESS AND SERVICE OF PROCESS ON PIEDMONT**

In North Carolina, "[j]urisdiction of the court over the person of a defendant is obtained by service of process, voluntary appearance, or consent." *Grimsley v. Nelson*, 342 N.C. 542, 545, 467 S.E.2d 92, 94 (1996). A defendant "must . . . assert []" an insufficient service of process defense in either his first responsive pleading or a motion made before such pleading. Fed. R. Civ. P. 12(b). In so doing, the defendant must present his insufficiency of service defense "with some specificity." *Patterson v. Whitlock, 392 F. App'x* 185, 193 (4th Cir. 2010). That is, "an objection to sufficiency of process or service of process "must be specific and point out in what manner the plaintiff has failed to satisfy the requirements of the service provision utilized". *Photolab Corp. v. Simplex Specialty Co.*, 806 F.2d 807, 810 (8th Cir. 1986); *see also* SEC v. Beisinger Indus. Corp., 552 F.2d 15, 19-20 (1st Cir. 1977).

As explained by Defendant in its Motion to Dismiss, service can be effected on a foreign corporation "by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent" of the corporation to be served. N.C. R. Civ. P. 4(j)(6). Here, according to Piedmont, "[n]o officer, director, or managing agent, or registered agent of Piedmont, a foreign corporation, have received a copy of the Complaint and a Summons properly directed to Piedmont", Defendant's Motion at 19, and "Piedmont has certainly not been served with a copy of the summons and complaint in any manner authorized under Rule 4(j)(6) of the North Carolina Rules of Civil Procedure." *Id.* This is simply not true. On November 30, 2022 Plaintiff served Defendant Piedmont's Registered Agent (CT Corporation System) with a copy of her Complaint and Summons through a certified mail letter. *See* Exhibit 1, Copy of Served Complaint and Summons. These documents were mailed to Defendant's Registered Agent Address that was disclosed by Piedmont very own Business Corporation Annual Report, which was sent to North Carolina's Secretary of State. *See*

-11-

Exhibit 2, Piedmont's Corporation Annual Report. "The purpose and aim of the service of the summons are to give notice to the party against whom the proceeding or action is commenced." *Jester v. Steam Packet Co.*, 131 N.C. 54, 42 S.E. 447, 448 (N.C. 1902). Plaintiff certainly fulfilled the statutory requirements established by N.C. R. Civ. P. 4(j)(6) in order to correctly effectuate service on Defendant. Therefore, Ms. Warren's Complaint should not be dismissed pursuant to an alleged insufficient process and service of process on Piedmont.

## CONCLUSION

**WHEREFORE**, Plaintiff prays that this Honorable Court denies Defendant's Motion to Dismiss; and grant any other remedy or relief deemed necessary and proper.

Date: Wednesday, March 01, 2023		Respectfully Submitted,

*Amanda Price*

Amanda Price, Esq.
*Counsel for the Plaintiff*
Maxwell and Price, LLP
NC Bar #57200
101 N. Tryon St
Charlotte, NC 28246

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing Plaintiff's Opposition was served on March 1, 2023, to all parties of record.

*Amanda Price*
_____
Amanda Price, Esq.
Attorney, NC Bar #57200

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Chari Warren<br><br>      Plaintiff,<br><br>      v.<br><br>The Estate of Timothy Jay Roberts,<br>PSA Airlines, Inc., and Piedmont<br>Airlines, Inc.,<br><br>      Defendants. | Civil Action No. 3:23-00022-RJC-DSC |

## **ORDER**

Upon consideration of Defendant Piedmont Airlines, Inc.'s Motion to Dismiss, any opposition or reply thereto, and the entire record herein, it is by the Court this\_\_\_ day of _____, 2022, hereby

**ORDERED** that Defendant's Motion is **DENIED**;

**SO ORDERED.**

                                                                                              United Stated District Judge

Copies to all counsel of record.

-14-

Case 3:23-cv-00022-RJC-SCR   Document 6   Filed 03/01/23   Page 14 of 17

# USPS Tracking®

FAQs >

Get the free Informed Delivery® feature to receive automated notifications on your packages

**Learn More**
(https://reg.usps.com/xsell?app=U psTools&ref=homepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro/st

✕

Your item was delivered to an individual at the address at 10:37 am on November 30, 2022 in RALEIGH, NC 27615.

---

**Get More Out of USPS Tracking:**

　　USPS Tracking Plus®

RALEIGH, NC 27615
November 30, 2022, 10:37 am

RALEIGH, NC 27615
November 30, 2022, 9:13 am

RALEIGH, NC 27615
November 30, 2022, 9:12 am

RALEIGH, NC 27615
November 30, 2022, 6:23 am

RALEIGH, NC 27615
November 29, 2022, 5:52 pm

RALEIGH NC DISTRIBUTION CENTER
November 29, 2022, 4:59 pm

RALEIGH NC DISTRIBUTION CENTER
November 29, 2022, 10:35 am

MID CAROLINA-CHARLOTTE NC DISTRIBUTION CENTER
November 29, 2022, 7:04 am

MID CAROLINA-CHARLOTTE NC DISTRIBUTION CENTER
November 29, 2022, 12:28 am

CHARLOTTE, NC 28211
November 28, 2022, 2:21 pm

**Hide Tracking History**

**Text & Email Updates**

**USPS Tracking Plus®**

**Product Information**

See Less ∧

Track Another Package

Enter tracking or barcode numbers

## Need More Help?

Contact USPS Tracking support for further assistance.

**FAQs**



# BUSINESS CORPORATION ANNUAL REPORT

1/6/2022

**NAME OF BUSINESS CORPORATION:** Piedmont Airlines, Inc.

**SECRETARY OF STATE ID NUMBER:** 0852161  **STATE OF FORMATION:** MD

**REPORT FOR THE FISCAL YEAR END:** 12/31/2021  **AMENDING DOC ID #**

Filing Office Use Only
E - Filed Annual Report
0852161
CA202206607259
3/7/2022 04:45

[X] Changes

## SECTION A: REGISTERED AGENT'S INFORMATION

**1. NAME OF REGISTERED AGENT:** CT Corporation System

**2. SIGNATURE OF THE NEW REGISTERED AGENT:** _____
SIGNATURE CONSTITUTES CONSENT TO THE APPOINTMENT

**3. REGISTERED AGENT OFFICE STREET ADDRESS & COUNTY**
160 Mine Lake Ct Ste 200
Raleigh, NC 27615 Wake County

**4. REGISTERED AGENT OFFICE MAILING ADDRESS**
160 Mine Lake Ct Ste 200
Raleigh, NC 27615

## SECTION B: PRINCIPAL OFFICE INFORMATION

**1. DESCRIPTION OF NATURE OF BUSINESS:** Commercial Airline

**2. PRINCIPAL OFFICE PHONE NUMBER:** (817) 931-2321  **3. PRINCIPAL OFFICE EMAIL:** Privacy Redaction

**4. PRINCIPAL OFFICE STREET ADDRESS**
5443 Airport Terminal Rd.
Salisbury, MD 21804

**5. PRINCIPAL OFFICE MAILING ADDRESS**
5443 Airport Terminal Rd.
Salisbury, MD 21804

**6. Select one of the following if applicable. (Optional see instructions)**

[ ] The company is a veteran-owned small business

[ ] The company is a service-disabled veteran-owned small business

## SECTION C: OFFICERS (Enter additional officers in Section E.)

| NAME: Perry Constant | NAME: Eric Morgan | NAME: Caroline Ray |
|---|---|---|
| TITLE: Vice President | TITLE: President | TITLE: Secretary |
| ADDRESS: | ADDRESS: | ADDRESS: |
| 5443 Airport Terminal Road | 5443 Airport Terminal Rd. | 5443 Airport Terminal Rd. |
| Salisbury, MD 21804 | Salisbury, MD 21804 | Salisbury, MD 21804 |

**SECTION D: CERTIFICATION OF ANNUAL REPORT.** Section D must be completed in its entirety by a person/business entity.

Perry Constant                                 3/7/2022
SIGNATURE                                      DATE

Form must be signed by an officer listed under Section C of this form.

Perry Constant                                 Vice President
Print or Type Name of Officer                  Print or Type Title of Officer

This Annual Report has been filed electronically.
MAIL TO: Secretary of State, Business Registration Division, Post Office Box 29525, Raleigh, NC 27626-0525