ET THIS IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| CHARI WARREN, <br><br> Plaintiff, <br><br> v. <br><br> THE ESTATE OF TIMOTHY JAY ROBERTS, PSA AIRLINES, INC., AND PIEDMONT AIRLINES, INC., <br><br> Defendants. | Civil Action No. 3:23-00022-RJC-DSC |

**DEFENDANT PIEDMONT AIRLINES, INC.'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, Piedmont Airlines, Inc. ("Piedmont"), by and through its counsel, submits this Reply to Plaintiff, Chari Warren's ("Plaintiff") Response In Opposition to Piedmont's Motion to Dismiss Plaintiff's Complaint and "Amendment to the Complaint" (collectively referred to as "Complaint").

## INTRODUCTION

Plaintiff's Response fails to identify any legitimate reason why Piedmont's Motion to Dismiss should not be granted on all grounds. First, all elements of *res judicata* are satisfied here to bar this action; indeed, this action is nearly identical to Plaintiff's prior action in *Warren I.* The only element of *res judicata* that Plaintiff challenges is whether there is privity between Piedmont and American Airlines Group, Inc. ("American Airlines Group"), which was named in *Warren I.* Further, Plaintiff's arguments largely arise out of her own alleged errors in the Complaint, which she drafted. As set forth in Defendant's opening motion and supporting memoranda, Plaintiff cannot be permitted to proceed with this action against Piedmont.

**LEGAL ARGUMENT**

I. **PIEDMONT AIRLINES, INC. AND AMERICAN AIRLINES GROUP, INC. ARE PARTIES IN PRIVITY FOR THE PURPOSE OF *RES JUDICATA*.**

In the Fourth Circuit, the test for privity is whether the interests of one party are so identified with the interests of another that representation by one party is representation of the other's legal right. *Nash County Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 494 (4th Cir. 1981); *Martin v. American Bancorporation Retirement Plan*, 407 F.3d 643, 651 (4th Cir. 2005). For the purposes of the privity inquiry to establish *res judicata*, only the relationship between American Airlines Group, who was a named Defendant in *Warren I* (Doc. 5-3), and Piedmont, who is a named Defendant in this action and who has brought this current Motion to Dismiss, is relevant. To the extent Plaintiff's argument in the Response indicates that any other relationship should be considered, such argument is misplaced and should be disregarded.

In Plaintiff's Response, Plaintiff does not dispute that Piedmont is a subsidiary of American Airlines Group (Doc. 6 p. 6; and Doc. 2). Significantly, it is well established that *the close relationship itself* between a parent company such as American Airlines Group, and its subsidiary, particularly a wholly owned subsidiary such as Piedmont, are sufficiently close to be in privity with one another to justify the application of *res judicata*. *Meisner v. Zymogenetics, Inc*, No. 3:15-CV-3523-CMC, 2016 WL 4858741, at *4 (D.S.C. Sept. 15, 2016), *aff'd sub nom. Meisner v. Zymogenetics, Inc.*, 697 F. App'x 218 (4th Cir. 2017). By virtue of their close relationship alone, Piedmont's interests are so identified with the interests of American Airlines Group that representation by American Airlines Group is representation of Piedmont's legal right for the application *res judicata*. With this, all three elements of *res judicata* are met.[1] As such, *res judicata*

---

[1] Plaintiff raises no arguments in the Response challenging Defendant's establishment of the other two elements of *res judicata.*

bars this action against Piedmont, and Plaintiff's Complaint should be dismissed with prejudice as to Piedmont.

Furthermore, the privity inquiry under *res judicata* and liability for the asserted claims for violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), negligent infliction of emotional distress ("NIED"), negligent retention and supervision, and assault are separate and distinct concepts and analyses. Accordingly, contrary to Plaintiff's argument, privity between American Airlines Group and Piedmont has no impact whatsoever on Piedmont's other arguments on grounds for dismissal of any of Plaintiff's claims. (*See* Doc. 6 p. 7). Similarly, privity between Piedmont and American Airlines Group does not conflict with Piedmont's argument that it did not employ the alleged tortfeasor, Timothy Jay Roberts ("Roberts").

**II.  THE FACTUAL ALLEGATIONS IN THE COMPLAINT, TAKEN AS TRUE FOR THE PURPOSE OF THIS MOTION TO DISMISS, UNDISPUTABLY ESTABLISH THAT PSA AIRLINES, INC. WAS TIMOTHY JAY ROBERTS' EMPLOYER.**

In Plaintiff's Response, Plaintiff attempts to create confusion as to who which corporate Defendant employed Roberts, i.e. the individual who allegedly "sexually assaulted" Plaintiff on June 3, 2019. Plaintiff argues that discovery is need to determine which entity employed Roberts. For instance, Plaintiff argues that Piedmont does not deny that Roberts was Piedmont's employee but rather relies on Plaintiff's belief that he was a pilot for PSA Airlines, Inc. ("PSA"). (Doc. 6 p. 8). Moreover, Plaintiff's arguments in opposition to Piedmont's Motion to Dismiss depend Piedmont being Robert's employer. Plaintiff's arguments are nothing more than a futile attempt to avoid dismissal of the Complaint against Piedmont. Contrary to Plaintiff's arguments, it is not

unclear which entity employed Roberts. Plaintiff's own allegations in the Complaint make it clear that PSA, not Piedmont, employed Roberts.[2]

At the Motion to Dismiss stage, Piedmont's position as to the identity of Roberts' employer is immaterial. On a Motion to Dismiss, the court must accept all allegations in the Complaint, other than legal conclusions, as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Complaint contains seven separate allegations that Roberts was an employee of PSA. (Doc. 1-2 p. 6, 7 ¶ 4, 10 ¶ 23, 13 ¶ 38, 13 ¶ 46, 15 ¶ 51, 16 ¶ 57.) Meanwhile, the Complaint is void of any allegations that Piedmont employed Roberts. Thus, the court must accept Plaintiff's repeated allegations that Roberts was an employee of PSA as true.

---

[2] Moreover, as set forth more fully in Section III herein, all of Plaintiff's claims towards Piedmont are time-barred. Thus, to the extent Plaintiff's Response alleges the Court should allow this case to proceed with discovery, such request should be denied as futile. As another North Carolina federal court has noted:

> North Carolina courts have also made clear that a claim is timely only if the necessary party is specifically named or joined within the applicable statute of limitations period. *See Estate of Fennell ex rel. Fennell v. Stephenson*, 354 N.C. 327, 332 (2001). In *Fennell*, the court dismissed a claim for failure to name the sheriff in official capacity, not just individual capacity, within the applicable statute of limitations, noting that "[i]n North Carolina, it is well-established law that if a plaintiff does not name the party responsible for his alleged injury before the statute of limitations runs, his claim will be dismissed." *Id.*; *see also Bailey v. Handee Hugo's, Inc.*, 173 N.C. App. 723, 728 (2005) (affirming grant of motion to dismiss, holding "[t]here was no way for the court to cure the defect of failing to join the responsible party where the statute of limitations had expired and any attempt to add them as a party would have been futile.")

*Morgan v. Spivey*, No. 5:16-CV-365-FL, 2017 WL 4399539, at *6 (E.D.N.C. Sept. 29, 2017). Similarly, any future request to amend her complaint in this action should also be denied as futile. *See, e.g.*, Campbell v. BNSF Ry. Co., 600 F.3d 667 (6th Cir. 2010) (an amendment is futile if it would not survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6)).

Furthermore, there is no factual basis to construe PSA and Piedmont as "interchangeable" in Plaintiff's Complaint. Plaintiff pleads that PSA and Piedmont are separate entities, and these allegations again must be taken as true for the purpose of this motion to dismiss. (Doc. 1-2 p. 7). Plaintiff includes distinct factual allegations about PSA as opposed to Piedmont, which further draws distinction between the two entities. Plaintiff cannot now ask the Court to construe her Complaint inconsistently with the Complaint's plain language. While the Complaint does include allegations as to "Piedmont/PSA," these allegations constitute legal conclusions, not factual allegations. *See e.g.* Doc. 1-2 p. 9 ¶¶ 15, 18; 11 ¶¶ 31, 32; 12 ¶¶ 35, 36, 37; 13 ¶ 40; 14 ¶ 43; 15 ¶ 53, 55; 17 ¶ ¶ 63, 64. And again, legal conclusions are not required to be taken as true. *Iqbal*, 556 U.S. at 678. Had Plaintiff intended to make factual allegations as to both Piedmont and PSA interchangeably, she could have done so.

Finally, to overcome a Rule 12(b)(6) motion to dismiss, a complaint must allege enough facts to state a plausible claim for relief. *Id.* A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plaintiff cannot be permitted to proceed to discovery where there are no plausible claims against Piedmont based on the allegations in the Complaint she drafted. A Complaint is not an open gateway to discovery where a plaintiff can dig around to see if there are any possible claims against a defendant. *Lescs v. City of Winchester*, No. 5:19-CV-00061, 2021 WL 966883, at *1 (W.D. Va. Mar. 15, 2021) ("The premise of a Rule 12(b)(6) motion to dismiss for failure to state a claim is that the plaintiff is not entitled to discovery in the first instance."); *Iqbal*, 556 U.S. at 686 ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise.").

Seeing that it is undisputed for the purpose of this motion that PSA, not Piedmont, employed the only alleged tortfeasor, Roberts, Plaintiff cannot prove any set of facts in support of her negligent hiring and retention or assault claims against Piedmont based on the actions of Roberts. Liability for negligent hiring and retention and an employer's liability for assault are dependent upon an employer/employee relationship. *See e.g. Hartsell v. Duplex Products, Inc.*, 123 F.3d 766, 774 (4th Cir.1997) (An essential element of a claim of negligent retention or supervision is that an *employee* of the *employer* committed a tortious act resulting in the plaintiff's injuries.); *Wegner v. Delly-Land Delicatessen, Inc.*, 270 N.C. 62, 67, 153 S.E.2d 804, 808 (1967) (Stating that an *employer* may be liable for an assault committed by his *employee* upon a third party only if the assault occurred in the course of the employee's employment; that is, while the employee was engaged in doing something he was employed, or otherwise authorized, to do for the defendant employer.)

### III. PLAINTIFF'S NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT HIRING AND RETENTION, AND ASSAULT CLAIMS AGAINST PIEDMONT AIRLINES, INC. ARE BARRED BY THE STATUTE OF LIMITATIONS.

Neither Plaintiff's Complaint nor the Response identify any factual allegations upon which Plaintiff could base a timely claim for NIED, negligent hiring and retention, and assault against Piedmont.

Like Plaintiff's Title VII claim, which fails for failure to exhaust administrative remedies and is time barred as well, Plaintiff's claims for NIED, negligent hiring and retention, and assault against Piedmont arise out of the allegation that Roberts sexually assaulted her by kissing her left cheek while at work on June 3, 2019 and the corporate Defendants allegedly inadequate response to her alleged report of this incident. The statute of limitations for each of these claims is three years. *See e.g. McDougal-Wilson v. Goodyear Tire & Rubber Co.*, 427 F. Supp. 2d 595, 620

(E.D.N.C. 2006) (*citing* N.C. Gen. Stat. § 1–52(5)) (the statute of limitations for NIED is three-years from when the conduct of the defendant causes extreme emotional distress.); N.C. Gen. Stat. § 1–52(19) (three year statute of limitations for assault); N.C. Gen. Stat. § 1-52(5) (The statute of limitations for the tort of negligent supervision and retention is three years.). Plaintiff filed the Complaint in the Superior Court of Mecklenburg County on November 28, 2022 – 179 days after the statute of limitation for each of these claims ran. As such, these claims are untimely and barred by the statute of limitations. Plaintiff's Complaint should be dismissed with prejudice.

### IV. PLAINTIFF HAS NOT MET HER BURDEN TO PROVE SUFFICIENT SERVICE OF PROCESS.

The burden of proving service under Rule 4 of the Federal Rule of Civil Procedure rests on Plaintiff. Plaintiff has not met her burden to prove that she properly served Piedmont in any manner allowed for service of a foreign corporation under North Carolina law.[3] North Carolina law requires service on a foreign corporation "by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent" of the corporation to be served. N.C. R. Civ. P. 4(j)(6). Here, the only "proof of service" Plaintiff has put forward is a USPS Tracking History attached as an exhibit to the Response, which shows that something, but not what, was mailed via USPS from Charlotte, NC 28211 to an unidentified address in Raleigh, NC 27615. (Doc. 6 p. 15-16). This is not sufficient proof of service. Not only does the USPS Tracking History not indicate what was actually sent, where it was sent, and who it was sent to, it also does not indicate whether whatever was mailed was sent via registered or certified mail with a return receipt requested as required under N.C. R. Civ. P. 4(j)(6).

---

[3] When service of process is attempted before removal to federal court, as was the case here, North Carolina's service of process rules govern whether the attempt was sufficient. *Freeman v. HKA Enterprises of S.C., LLC*, No. 4:21-CV-77-FL, 2022 WL 3705020, at *3 (E.D.N.C. Aug. 26, 2022).

Moreover, the USPS Tracking History itself, even if it indicated proper service, which is does not, is not sufficient to establish proof of service under the Federal Rules of Civil Procedure. Rule 4(l) provides clear requirements for showing proof of service. Rule 4(l) provides "[u]nless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Here, Piedmont has not been served by United States marshal or deputy marshal and Plaintiff has not presented a return of service, affidavit of service, or waiver of service as to Piedmont. Thus, Plaintiff has failed to comply with the requirement for proof of service under Rule 4(l). Thus, Plaintiff's Complaint should be dismissed with prejudice pursuant to Rules 12(b)(5) for insufficient service of process and Rule 12(b)(2) for lack of personal jurisdiction.

## **CONCLUSION**

For all of the foregoing reasons, as well as the arguments set forth in Defendant's opening motion and memorandum, Plaintiff's Complaint should be dismissed in its entirety with prejudice as to Piedmont.

Dated this the 8th day of March, 2023.

Respectfully submitted,

/s/Meredith F. Hamilton
Kelly S. Hughes, NC #33439
Meredith F. Hamilton, NC #50703
*Attorneys for Defendant Piedmont Airlines, Inc.*
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC 28244
Telephone: 704-342-2588
Facsimile: 704-342-4379
Email: kelly.hughes@ogletree.com
meredith.hamilton@ogletree.com

# CERTIFICATE OF SERVICE

I, Meredith F. Hamilton, hereby certify that I have this day electronically filed the foregoing **REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notice of the same to the following individuals:

Amanda Price
*Attorney for Plaintiff*
Maxwell and Price, LLP
101 N. Tryon Street
Charlotte, NC 28246
Telephone: (704) 444-0537
Email: amanda@mapllp.com

Dated this the 8th day of March, 2023.

/s/Meredith F. Hamilton
Meredith F. Hamilton, NC #50703
*Attorney for Defendant Piedmont Airlines, Inc.*
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC  28244
Telephone:  704-342-2588
Facsimile:  704-342-4379
Email:  meredith.hamilton@ogletree.com