**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-CV-00022-RJC-SCR**

CHARI WARREN,

             **Plaintiff,**

    **v.**

PSA AIRLINES, INC., PIEDMONT
AIRLINES INC., THE ESTATE OF
TIMOTHY JAY ROBERTS,

             **Defendants.**

---

## <u>MEMORANDUM AND RECOMMENDATION AND ORDER</u>

**THIS MATTER** is before the Court on Defendant Piedmont Airlines, Inc.'s ("Piedmont"),

Motion to Dismiss (Doc. No. 4), and the parties' briefs and exhibits. (Doc. No. 5, 6 & 7).

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C.

§ 636(b)(1) and is ripe for disposition.

Having fully considered the arguments, the record, and the applicable authority, the

undersigned respectfully recommends that Defendant's Motion be <u>granted</u> as discussed below.

### I.     <u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>

Accepting the facts alleged in the Complaint as true, on June 3, 2019, Defendant Timothy

Jay Roberts, a pilot employed by Defendant PSA Airlines ("PSA"),[1] kissed Plaintiff Chari Warren,

a gate agent employed by Piedmont, on the cheek.  Compl., (Doc. No. 1-2 at ¶¶ 1, 3-5).  Roberts

also directed sexual remarks at her.  <u>Id.</u> at ¶ 5.  At the time, Roberts smelled of alcohol and appeared

---

[1] Plaintiff's Complaint also alleges that Roberts "work[ed] for American Airlines Group."  Complaint (Doc. No. 1-2 at 7).

1

to be intoxicated. Id. ¶ 4. Roberts' conduct towards Plaintiff was unwanted and unwelcome. Id. at ¶ 5.

Pursuant to workplace and Federal Transit Authority policy, Plaintiff immediately reported this incident to her supervisor, Ernest Taylor, and requested she no longer work with Roberts. Id. at ¶¶ 6-7. She also filed a police report. Id. at ¶ 9. No Piedmont or PSA employee took any action regarding Plaintiff's report. Id. at ¶¶ 13-15. Plaintiff was required to continue working with Roberts the following day. Id. at ¶ 11. Roberts, however, shared details of the incident with other employees. Id. at ¶¶ 10, 12. As a result of Piedmont and PSA's inaction and Roberts' ongoing comments, Plaintiff was subjected to "further harassment and an extremely hostile work environment." Id. at ¶ 12. Plaintiff ultimately sought therapy to address the "stress and overall impact of the incident and the environment that she [was] forced to work in." Id. at ¶ 13. The Complaint does not specify whether Roberts' sharing of the details itself was "further harassment" or whether the sharing led to a subsequent incident of harassment by Roberts or another employee. Elsewhere in the Complaint, Plaintiff alleges she was subjected to a "horrible sequence of physical actions includ[ing] physical and mental abuse ([t]hreats, [f]orceful advances and grabbing)," but provides no further details. Id. at ¶ 39.

On October 14, 2021, Plaintiff filed her first lawsuit in Mecklenburg County Superior Court, asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, for sexual harassment (Count I) and discrimination (Count IV), and claims under North Carolina state law for assault on female (Count II), intentional infliction of emotional distress (Count III), negligent infliction of emotional distress (Count V), and gross negligence (Count VI). See Warren v. Am. Airlines Grp., No. 3:22-CV-00062-RJC-DSC (W.D.N.C.) (Doc. No. 1-1) (herein referred

to as "Warren I").[2]  She named American Airlines Group ("AAG") as Defendant to all counts and Roberts as Defendant to Counts I, II, and III.  (Warren I, Doc. No. 1-1).  AAG timely removed that matter to this Court.  (Warren I, Doc. No. 1).

After removal of Warren I, both Defendants filed motions to dismiss.  (Warren I, Doc. No. 8, 9, 10 & 11).  When Plaintiff failed to respond to the motions to dismiss, the Hon. David S. Cayer, the referral Magistrate Judge, entered a Show Cause Order directing Plaintiff to file a response to the pending motions and show cause why the Complaint should not be dismissed for failure to prosecute the action.  (Warren I, Doc. No. 12).  Plaintiff then filed a response to both motions.  (Warren I, Doc. No. 13 & 15).

On June 13, 2022, Judge Cayer entered a Memorandum and Recommendation recommending that the district judge grant both motions to dismiss.  (Warren I, Doc. No. 17).

Plaintiff did not file a timely objection to the Memorandum and Recommendation.  Instead, Plaintiff filed an untimely "Response to Memorandum and Reccomendation [sic]" in which she requested leave to amend her Complaint.  (Warren I, Doc. No. 18).  Specifically, Plaintiff sought leave "to insert the proper defendant as it concerns American Airlines Group and to allow for proper service concerning Timothy Jay Roberts."  Id.  On August 8, 2022, Judge Cayer denied Plaintiff's informal motion to amend as contained in her response.  (Warren I, Doc. No. 21).  Judge Cayer noted that "[p]ursuant to the Local Rules, '[m]otions shall not be included in responsive briefs.' LCvR 7.1(c)(2) [and] 'each motion must be set forth as a separately filed pleading.'"  Id. Accordingly, the Court denied Plaintiff's request to amend her Complaint "as part of a response

---

[2]  In the context of a motion to dismiss, "[a] court may take judicial notice of docket entries, pleadings and papers in other cases without converting a motion to dismiss into a motion for summary judgment."  Brown v. Ocwen Loan Servicing, LLC, No. CIV. PJM-14-3454, 2015 WL 5008763, at *1 n.3 (D. Md. Aug. 20, 2015), aff'd, 639 F. App'x. 200 (4th Cir. 2016); see also Anderson v. Fed. Deposit Ins. Corp., 918 F.2d 1139, 1141 n.1 (4th Cir. 1990) (holding that a district court may "properly take judicial notice of its own records").  Accordingly, the Court takes judicial notice of the filings in Warren I.

brief." Id.  Importantly, Judge Cayer stated that the denial was "without prejudice to Plaintiff filing a separate motion [to amend the Complaint]" consistent with the Local Rules.  Id.  However, Plaintiff never formally moved to amend the Complaint, and ultimately, on October 19, 2022, the Hon. Robert J. Conrad, Jr., adopted the Memorandum and Recommendation.  (Warren I, Doc. No. 22).  Then, a Clerk's Judgment was entered in accordance with the Court's Order.  (Warren I, Doc. No. 23).

On October 24, 2022, Plaintiff filed a Motion to Set Aside Judgment of Dismissal.  (Warren I, Doc. No. 24).  In the motion, Plaintiff acknowledges, among other things, "neglect[ing] to file a motion to amend the complaint…." Id. at 2.  This motion is pending before the presiding district judge.

On November 28, 2022, Plaintiff commenced this action in Mecklenburg County Superior Court, again asserting a Title VII claim for hostile work environment based on sexual harassment (Count I), and North Carolina state law claims for negligent retention and supervision (Count II), negligent infliction of emotional distress (Count III), and assault (Count IV).  (Doc. No. 1-2), (herein referred to as "Warren II").  The bulk of the allegations and language from the Warren II Complaint are verbatim from the Warren I Complaint, but were reorganized.  Compare (Warren II, Doc. No. 1-2) to (Warren I, Doc. No. 1-1).  Plaintiff seeks judgment against Defendants PSA and Piedmont on all counts and against Defendant Roberts on Count IV.[3]  (Warren II, Doc. No. 1-2).

On February 15, 2023, Defendant Piedmont Airlines moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, 12(b)(4) for insufficient process, 12(b)(5) for insufficient service of process, and 12(b)(6) for failure to state a claim upon which relief can be

---

[3] Plaintiff moved in state court to replace Defendant Timothy Jay Roberts, now deceased, with the Estate of Timothy Jay Roberts on December 7, 2022.

granted. (<u>Warren II</u>, Doc. No. 4 & 5). Piedmont argues that the Title VII claim fails because Plaintiff failed to exhaust her administrative remedies and that the remaining state law claims are barred by <u>res judicata</u>. <u>Id.</u> Defendant also submitted several other arguments as to why Plaintiff's state law claims fail as a matter of law. <u>Id.</u>

## II.    DISCUSSION

### A.  <u>Standard of Review</u>

#### 1.  Rules 12(b)(2), 12(b)(4), and 12(b)(5)

Under Federal Rule of Civil Procedure 12(b)(2), Plaintiff bears the burden of establishing personal jurisdiction over the Defendant following proper process and proper service of process. <u>Mylan Labs., Inc. v. Akzo, N.V.</u>, 2 F.3d 56, 59-60 (4th Cir. 1993). "Where a motion to dismiss is filed based on insufficient process or insufficient service of process, affidavits and other materials outside the pleadings may be properly submitted and considered." <u>Lackey v. Cnty. of Macon</u>, No. 2:09-CV-42, 2009 WL 2462186, at *2 (W.D.N.C. Aug. 7, 2009); <u>see also</u> <u>U.S. ex rel. Metromont Corp. v. S.J. Constr., Inc.</u>, No. 1:09-CV-745, 2010 WL 2793919, at *2 (M.D.N.C. July 15, 2010).

"A motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(4) challenges the sufficiency of process, while Rule 12(b)(5) motions challenge the sufficiency of service of process." <u>Richardson v. Roberts</u>, 355 F. Supp. 3d 367, 370 (E.D.N.C. 2019). In other words, a Rule 12(b)(4) motion to dismiss objects to a defect in the content of the documents served, while a Rule 12(b)(5) motion to dismiss objects to a defect in the act (or lack) of delivery. <u>See, e.g.</u>, 5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1353 (3d ed. 2004).

Once the sufficiency of process or service of process is challenged by a motion to dismiss, Plaintiff must establish that process was sufficient and service of process was effectuated in accordance with Rule 4 of the Federal Rules of Civil Procedure. <u>Scott v. Md. State Dep't of Labor</u>,

5

673 F. App'x 299, 304 (4th Cir. 2016) (per curiam) (citing <u>Dickerson v. Napolitano</u>, 604 F.3d 732, 752 (2d Cir. 2010)); <u>Elkins v. Broome</u>, 213 F.R.D. 273, 276 (M.D.N.C. 2003).

### 2. Rule 12(b)(6)

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." <u>Mylan Labs., Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." <u>Id.</u> at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

In <u>Iqbal</u>, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. <u>Id.</u> at 678-79. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. <u>Id.</u> at 679; <u>see also</u> <u>Anand v. Ocwen Loan Servicing, LLC</u>, 754 F.3d 195, 198 (4th Cir. 2014) (recognizing the court does not accept as true legal conclusions couched as a factual allegations). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> at 678 (citing <u>Twombly</u>, 550 U.S. at 555). Although the pleading requirements stated in Rule 8 of the Federal Rules of Civil Procedure mark "a notable and generous departure

from the hyper-technical, code-pleading regime of a prior era. . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court assumes their truth and then determines whether they plausibly give rise to an entitlement to relief. Id. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Neitzke v. Williams, 490 U.S. 319, 326 (1989). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations . . . a claim must be dismissed." Neitzke, 490 U.S. at 327 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

## B. Insufficiency of Process and Service of Process

Defendant contends that Plaintiff neither prepared a proper summons nor served it as required by North Carolina law,[4] and therefore seeks dismissal without prejudice under Rules 12(b)(2), (4), and (5). (Doc. No. 6 at 17-20). Plaintiff maintains, however, that on November 30, 2022, she properly served Piedmont's registered agent through certified mail using the registered agent address disclosed by Piedmont on its annual filing with the North Carolina Secretary of

---

[4] See Davis v. Tyson Foods, Inc., 2015 WL 4638301, at *3 (W.D.N.C. Aug. 4, 2015) ("When service of process is attempted before removal to federal court, the state's service of process rules govern whether the attempt was sufficient.").

7

State. (Doc. No. 6 at 11-12). Plaintiff further provided a copy of tracking information showing delivery to an unspecified Raleigh address with zip code 27615 on November 30, 2022, which appears to match the zip code of Piedmont's registered agent. (Doc. No. 6 at 15-17). Defendant contends that even with the tracking information presented, Plaintiff has not met its burden of showing proper process and service.

Despite these arguments, it is undisputed that Piedmont received actual notice and has responded to the lawsuit.[5] "When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed. . . ." Armco, 733 F.2d at 1089. Piedmont is further seeking dismissal with prejudice on substantive grounds through its Motion to Dismiss under Rule 12(b)(6). For those reasons as well as the Court's policy favoring resolution of disputes on the merits rather than procedural grounds, the Court turns to Defendant's Rule 12(b)(6) motion.

### C. Failure to Exhaust Administrative Remedies for Title VII Claim

Defendant argues that Plaintiff's Title VII claim, Count I of the Complaint (Doc. No. 1-2), should be dismissed pursuant to Rule 12(b)(6) for failure to exhaust administrative remedies. (Doc. No. 5 at 10). The Complaint makes no mention and contains no attachments indicating that Plaintiff ever filed an administrative charge with the Equal Employment Opportunity Commission. ("EEOC") (Doc. No. 1-2). Plaintiff's brief in opposition is silent on this issue as well. (Doc. No. 6).

The Court will treat Defendant's arguments regarding Plaintiff's purported failure to exhaust as raised under Rule 12(b)(6). See Hodge v. Walrus Oyster Ale House, No. CV TDC-18-3845, 2019 WL 6069114, at *3 (D. Md. Nov. 15, 2019) (citing Stewart v. Iancu, 912 F.3d 693,

---

[5]  Although Piedmont has continually preserved its arguments on process and service, it did not enter a limited appearance and has made several substantive arguments as to grounds for dismissal.

8

701-02 (4th Cir. 2019)); <u>Cunningham v. Wells Fargo N.A.</u>, No. 3:19-CV-00528-FDW, 2020 WL 5300843, at *5-6 (W.D.N.C. Sept. 4, 2020) (explaining that "the Supreme Court has 'held that Title VII's charge-filing requirement is not jurisdictional, but rather a claims-processing rule'" and as such "are analyzed under Rule 12(b)(6) rather than 12(b)(1).") (quoting <u>EEOC v. 1618 Concepts, Inc.</u>, No. 19-CV-672, 2020 WL 87994, at *2 (M.D.N.C. Jan. 7, 2020)).

Claims under Title VII have certain administrative remedies that must be exhausted before any claimant can bring suit. <u>Harris v. Am. Airlines, Inc.</u>, No. 3:17-CV-00280-GCM, 2017 WL 2880400, at *1 (W.D.N.C. July 6, 2017). In <u>Harris</u>, the Court recognized:

> [u]nder Title VII, a claimant has 180 days from the date of the alleged misconduct to report the issue to the Equal Employment Opportunity Commission ("EEOC") and then, the EEOC may give the claimant a letter to sue. 42 U.S.C. § 2000e-5(f) (2012). At that point, a suit can be brought. <u>Id.</u> If the issue is not reported to the EEOC within that timeframe, claimant loses all right to sue under that statute.

<u>Id.</u>

Accordingly, courts regularly dismiss Title VII claims under 12(b)(6) when a plaintiff fails to exhaust administrative remedies before filing suit. <u>Id.</u>; <u>see also</u> <u>McCullough v. Branch Banking & Tr. Co.</u>, 35 F.3d 127, 131 (4th Cir. 1994) ("When the plaintiff fails to file such a complaint in a timely fashion with the EEOC, the claim is time-barred in federal court."); <u>Odom v. Brookfield Renewable</u>, No. 1:20-CV-00101-MR-WCM, 2021 WL 1015857, at *4 (W.D.N.C. Feb. 11, 2021), <u>Memorandum and Recommendation Adopted</u>, No. 1:20-CV-00101-MR-WCM, 2021 WL 982329 (W.D.N.C. Mar. 16, 2021) (dismissing Plaintiff's claims with prejudice).

Here, Plaintiff did not allege, or even argue, that she filed an EEOC charge prior to filing this action. The time for doing so has long expired. For these reasons, the undersigned respectfully recommends that Defendant's Motion to Dismiss the Title VII claim (Count I) be <u>granted</u>.

9

### D. **Remaining Claims are Barred by Res Judicata**

Defendant argues that Plaintiff's state law claims, Counts II-IV, are precluded by <u>res judicata</u>, that is, barred by the Court's dismissal of <u>Warren I</u>.  Under the doctrine of <u>res judicata</u>, or claim preclusion, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." <u>Federated Dep't Stores, Inc. v. Moitie</u>, 452 U.S. 394, 398 (1981) (citing <u>Comm'r v. Sunnen</u>, 333 U.S. 591, 597 (1948) and <u>Cromwell v. Cnty. of Sac</u>, 94 U.S. 351, 352-53 (1877)).

For the doctrine of <u>res judicata</u> to be applied, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits.  <u>Pueschel v. United States</u>, 369 F.3d 345, 354-55 (4th Cir. 2004) (citing <u>Nash County Bd. of Educ. v. Biltmore Co.</u>, 640 F.2d 484, 486 (4th Cir. 1981); <u>see also</u> <u>Chandler v. Forsyth Tech. Cmty. Coll.</u>, 294 F. Supp. 3d 445, 451 (M.D.N.C. Feb. 15, 2018), <u>aff'd</u>, 739 F. App'x 203 (4th Cir. 2018).

"Along with these three formal elements of <u>res judicata</u>, two practical considerations should be taken into account."  <u>Providence Hall Assocs. Ltd. P'ship v. Wells Fargo Bank, N.A.</u>, 816 F.3d 273, 276-77 (4th Cir. 2016) (citations omitted).  "First, we consider whether the party or its privy knew or should have known of its claims at the time of the first action." <u>Id.</u> at 276. "Second, we ask whether the court that ruled in the first suit was an effective forum to litigate the relevant claims."  <u>Id.</u>

In opposition, Plaintiff argues only that <u>res judicata</u> does not bar the instant action because the current Defendant, Piedmont Airlines, Inc., and the defendant in <u>Warren I</u>, AAG, should not be considered parties in privity.  (Doc. No. 6 at 5-7). Plaintiff acknowledged and does not appear

to dispute that Piedmont is a wholly-owned subsidiary of AAG, but argues the two are not in privity. (Doc. No. 6 at 6). Plaintiff's position is contrary to applicable law.

Res judicata generally requires that a party bound by a previous judgment be a party to that litigation. Taylor v. Sturgell, 553 U.S. 880, 893 (2008). However, there are several exceptions to this general rule depending on the relationship between a party in the current action with a party in the prior litigation. Id. at 893-94. Privity is one such exception.

> [P]rivity is no talismanic concept. 'Privity states no reason for including or excluding one from the estoppel of a judgment. It is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata.'

United States v. Manning Coal Corp., 977 F.2d 117, 121 (4th Cir. 1992) (quoting Bruszewski v. United States, 181 F.2d 419, 423 (3d Cir. 1950) (Goodrich, J., concurring)). "'[R]es judicata may be invoked against a plaintiff who has previously asserted essentially the same claim against different defendants where there is a close or significant relationship between successive defendants.'" Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 966 (3d Cir. 1991) (quoting Gambocz v. Yelencsics, 468 F.2d 837, 841 (3d Cir. 1972)). "The concept of privity requires an alignment of interests and not an exact identity of parties." Weinberger v. Tucker, 510 F.3d 486, 492 (4th Cir. 2007).

As Defendant cites in its principal brief, (Doc. No. 5 at 7), courts in this Circuit recognize that a parent company and its subsidiary are in privity for the purposes of claim preclusion. See Whitehead v. Viacom, 233 F. Supp. 2d 715, 721 (D. Md. 2002), aff'd sub nom. Whitehead v. Viacom, Inc., 63 F. App'x 175 (4th Cir. 2003) (recognizing privity between parent corporation and its wholly-owned subsidiary); Int'l Tel. & Tel. Corp. v. Gen. Tel. & Elecs. Corp., 380 F. Supp. 976, 984 (M.D.N.C. Aug. 1, 1974) (explaining when a parent company and wholly-owned subsidiary are parties in privity for the purpose of res judicata); Finn v. Swisher Int'l, Inc., No.

11

3:04-CV-484, 2007 WL 1959260, at *5 (W.D.N.C. July 5, 2007) (same); Gravelle v. Kaba Ilco Corp., No. 5:13-CV-642-FL, 2014 WL 1513138, at *3 (E.D.N.C. Apr. 16, 2014) (same).

Here, AAG, the defendant in Warren I, is the parent corporation of Piedmont Airlines, Inc., the current Defendant. Such information is confirmed in Defendant's Corporate Disclosure Statement filed on January 13, 2023. (Doc. No. 2). Plaintiff does not appear to dispute this relationship, but rather argues there is no alignment of interests between the two companies. This argument fails because Piedmont is the subsidiary of AAG, and this close relationship satisfies the privity requirement based on the cases noted above. Also, Plaintiff seems to recognize both AAG and Piedmont Airlines, Inc. shared an interest through her prior actions. The current Complaint uses almost the exact same language from Warren I, although certain parts are reorganized, and still makes reference to AAG. (Doc. No. 1-2 at 7). In Warren I, Plaintiff admitted that she intended to insert Piedmont as a Defendant in place of AAG, but failed to do so. (Warren I, Doc. No. 18). It appears Plaintiff is now attempting to circumvent her own shortcomings in Warren I, including the Court's prior ruling, and take a second bite at the apple. Res judicata bars not just claims that were actually litigated in a prior proceeding, but also claims that could have been litigated. Pueschel, 369 F.3d at 355-56.

Although Plaintiff has not contested the other factors to be considered concerning res judicata, the Court finds that the other elements and considerations are satisfied as well. Specifically, Judge Cayer's Memorandum and Recommendation dismissed the state law claims with prejudice and Judge Conrad adopted that recommendation entirely. (Warren I, Doc. No. 17 at 7, 10, 11, 12 & 22). A Clerk's Judgment (Doc. No. 23) was entered in Warren I that dismissed

with prejudice Plaintiff's state law claims. This confirms the finality of the judgment in Warren I.[6]

Similarly, Warren I and this lawsuit arise out of the same series of transactions, that is, the events of June 3, 2019, and their aftermath. (Doc. No. 1-2). Plaintiff's attempts to repackage the Warren I state law claims of Negligence, Intentional Infliction of Emotional Distress, and Assault on Female in Warren II as Negligent Retention & Supervision, Negligent Infliction of Emotional Distress, and Assault do not defeat res judicata. "The determination of whether two suits arise out of the same cause of action, however, does not turn on whether the claims asserted are identical." Pueschel, 369 F.3d at 355. Instead, "it turns on whether the suits and the claims asserted therein 'arise out of the same transaction or series of transactions or the same core of operative facts.'" Id. (quoting In re Varat Enters., Inc., 81 F.3d 1310, 1316 (4th Cir. 1996)). "Newly articulated claims based on the same transactional nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 162 (4th Cir. 2008) (citations omitted); see also Federated Dep't Stores, Inc., 452 U.S. at 398 ("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have* been raised in that action.") (emphasis added). All of these claims could have been brought in Warren I. Accordingly, there is an identity of the causes of action for res judicata purposes.

Finally, neither of the practical considerations under review give the Court pause in the application of res judicata to the instant action. Providence Hall Assocs. Ltd. P'ship, 816 F.3d at 276–77 (considering the "three core res judicata requirements in turn, followed by the two 'practical considerations'") (citations omitted). As noted above, Plaintiff was aware she should

---

[6] Plaintiff's filing of her "Motion to Set Aside Judgment of Dismissal" (Warren I, Doc. No. 24) does not defeat the finality of the judgment. See Restatement (Second) of Judgments § 13 (1982) (recognizing that a judgment otherwise final for the purposes of res judicata is not deprived of such finality by the fact a party has made a motion to set aside or reverse judgment).

have brought her claims against Piedmont, not AAG. Both AAG and Piedmont were aware of Plaintiff's claims. And there can be no doubt that the United States District Court for the Western District of North Carolina was an effective forum to litigate the relevant claims.

For these reasons, Plaintiff's state law claims are barred by <u>res judicata</u>. The undersigned respectfully recommends that Defendant Piedmont's Motion to Dismiss be <u>granted</u> as to Counts II, III, and IV.[7]

### III.     ORDER

**IT IS ORDERED** that all pretrial proceedings, including all discovery, are **STAYED** pending the District Court's review of the Recommendation below.

### IV.     RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant Piedmont Airlines, Inc.'s Motion to Dismiss (Doc. No. 4) be **GRANTED** and that the Complaint be **DISMISSED WITH PREJUDICE**.

### V.     TIME FOR OBJECTIONS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to <u>de novo</u> review by the District Judge. <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely

---

[7] Because Plaintiff's state law claims are barred by <u>res judicata</u>, the Court does not reach Piedmont's additional arguments concerning those claims. (Doc. No. 5 at 12-17); <u>see</u> <u>Chandler</u>, 294 F. Supp. 3d at 450. The Court notes that Piedmont raised for the first time the issue of the state law claims also being barred by the statute of limitations in its Reply. (Doc. No. 7 at n.2, 6-7). The Local Rules limit reply briefs to "discussion of matters newly raised in the response." LCvR 7.1(e). For this reason, and because the recommendation is dismissal with prejudice, the Court has not considered Piedmont's belated statute of limitations argument.

14

objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the parties' counsel and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED.**

Signed: July 28, 2023

Susan C. Rodriguez
United States Magistrate Judge