IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Chari Warren<br><br>    Plaintiff,<br><br>    v.<br><br>The Estate of Timothy Jay Roberts,<br>PSA Airlines, Inc., and Piedmont<br>Airlines, Inc.,<br><br>    Defendants. | Civil Action No. 3:23-00022-RJC-DSC |

### PLAINTIFF'S OBJECTION TO UNITED STATES MAGISTRATE JUDGE SUSAN RODRIGUEZ'S MEMORANDUM AND RECOMMENDATION

Plaintiff Chari Warren, by and through the undersigned counsel, respectfully objects to United States Magistrate Judge Susan Rodriguez's proposed findings of fact, conclusions of law, and recommendation contained in her Memorandum and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure. As grounds for this Objection, Plaintiff relies on the following points and authorities.

Date: Friday, August 11, 2023          Respectfully Submitted,

*Amanda Price*
_____
Amanda Price, Esq.
*Counsel for Plaintiff*
Maxwell and Price, LLP
NC Bar #57200
10130 Perimeter Parkway, Suite 200
Charlotte, NC 28216

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Chari Warren

      Plaintiff,

      v.

The Estate of Timothy Jay Roberts,
PSA Airlines, Inc., and Piedmont
Airlines, Inc.,

      Defendants.

Civil Action No. 3:23-00022-RJC-DSC

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OBJECTION TO UNITED STATES MAGISTRATE JUDGE SUSAN RODRIGUEZ'S MEMORANDUM AND RECOMMENDATION**

In support of this Objection, we refer to:

### RELEVANT BACKGROUND

As stated in the Plaintiff's complaint, Defendant Roberts, a pilot working for a pilot of co-Defendant PSA Airlines, Inc. ("PSA Airlines"), sexually assaulted Ms. Warren on June 3, 2019, by giving her an unwanted and unnecessary kiss on her left cheek and by making inappropriate sexual comments. Plaintiff reported Defendant Roberts' conduct to her supervisor and Defendants PSA and Piedmont about the incident. She also filed a Police Report to inform the authorities of the incident. Both companies failed to fully investigate her complaint, follow proper protocol and procedure, and reprimand Defendant Roberts.

On October 14, 2021, Plaintiff filed her first lawsuit in Mecklenburg County Superior Court, asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, for sexual harassment (Count I) and discrimination (Count IV), and claims under North Carolina state law for assault on female (Count II), intentional infliction of emotional distress (Count III),

negligent infliction of emotional distress (Count V), and gross negligence (Count VI). See Warren v. Am. Airlines Grp., No. 3:22-CV-00062-RJC-DSC (W.D.N.C.) (Doc. No. 1-1) (herein referred to as "Warren I"). She named American Airlines Group ("AAG") as Defendant to all counts and Roberts as Defendant to Counts I, II, and III. (Warren I, Doc. No. 1-1). AAG removed that matter to this Court. (Warren I, Doc. No. 1).

After removal of Warren I, both Defendants filed motions to dismiss. (Warren I, Doc. No. 8, 9, 10 & 11). When Plaintiff failed to respond to the motions to dismiss, the Hon. David S. Cayer, the referral Magistrate Judge, entered a Show Cause Order directing Plaintiff to file a response to the pending motions and show cause why the Complaint should not be dismissed for failure to prosecute the action. (Warren I, Doc. No. 12). Plaintiff then filed a response to both motions. (Warren I, Doc. No. 13 & 15). On June 13, 2022, Judge Cayer entered a Memorandum and Recommendation recommending that the district judge grant both motions to dismiss. (Warren I, Doc. No. 17). On October 24, 2022, Plaintiff filed a Motion to Set Aside Judgment of Dismissal. (Warren I, Doc. No. 24). In the motion, Plaintiff acknowledges, among other things, "neglect[ing] to file a motion to amend the complaint." *Id.* at 2. This motion is pending before the presiding district judge.

On November 28, 2022, Plaintiff commenced this action in Mecklenburg County Superior Court, again asserting a Title VII claim for a hostile work environment based on sexual harassment (Count I), and North Carolina state law claims for negligent retention and supervision (Count II), negligent infliction of emotional distress (Count III), and assault (Count IV). (Doc. No. 1-2), (herein referred to as "Warren II"). The bulk of the allegations and language from the Warren II Complaint are verbatim from the Warren I Complaint, but were reorganized. Compare (Warren II, Doc. No. 1-2) to (Warren I, Doc. No. 1-1). Plaintiff seeks

judgment against Defendants PSA and Piedmont on all counts and against Defendant Roberts on Count IV.3 (Warren II, Doc. No. 1- 2).

On February 15, 2023, Defendant Piedmont Airlines moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, 12(b)(4) for insufficient process, 12(b)(5) for insufficient service of process, and 12(b)(6) for failure to state a claim upon which relief can be granted. (Warren II, Doc. No. 4 & 5). Piedmont argued that the Title VII claim fails because Plaintiff failed to exhaust her administrative remedies and that the remaining state law claims are barred by res judicata. *Id.*

On July 28, 2023, United States Magistrate Judge Susan Rodriguez entered a Memorandum recommending "that defendant piedmont airlines, inc.'s motion to dismiss (doc. no. 4) be granted and that the complaint be dismissed with prejudice." *See* July 28's Memorandum and Recommendation and Order at page 15. Plaintiff's objection to Judge Rodriguez's Memorandum and Recommendation now follows.

LEGAL STANDARD FOR OBJECTION TO MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). With respect to a magistrate judge's recommendations on a dispositive matter, the Court reviews *de novo* those determinations as to which a party has specifically objected. *See id.* ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.") However, "[t]o accept the report and recommendation of a magistrate judge on a dispositive matter as to which no timely objection

has been made, the district judge need only be satisfied that there is no clear error on the face of the record." *Piroleau v. Caserta*, No. 10-cv-5670, 2012 WL 5389931, at *1 (E.D.N.Y. Oct. 29, 2012) (citing, *inter alia*, *Johnson v. Goord*, 487 F. Supp. 2d 377, 379 (S.D.N.Y. 2007)); *Batichon v. Nevada State Bank*, No. 01-cv-2729, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004) (reviewing dispositive Report and Recommendation for "clear error" where no objections made). Magistrate judges have broad discretion to resolve non-dispositive matters. *Alvarado v. City of New York*, No. 04-cv-2558, 2009 WL 510813, at *1 (E.D.N.Y. Feb 27, 2009). The Court, therefore, may only overrule a magistrate judge's determination of a non-dispositive matter where it is "clearly erroneous or contrary to law." *Id*. "Under the clearly erroneous standard of review of [Federal Rule of Civil Procedure ("FRCP")] 72(a), the magistrate judge's findings should not be rejected merely because the court would have decided the matter differently. Rather, the district court must affirm the decision of the magistrate judge unless the district court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Pall Corp. v. Entegris, Inc.*, 655 F. Supp.2d 169, 172 (E.D.N.Y. 2008) (internal quotation and citation omitted). "[A]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *E.E.O.C. v. First Wireless Grp., Inc.,* 225 F.R.D. 404, 405 (E.D.N.Y. 2004).

<u>LEGAL STANDARD FOR FAILURE TO STATE A CLAIM.</u>

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). The Supreme Court has set forth a "two-pronged approach" that a trial court should use when ruling on a motion to dismiss under Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the

-5-

Case 3:23-cv-00022-RJC-SCR   Document 9   Filed 08/11/23   Page 5 of 16

framework of a complaint, they must be supported by factual allegations." *Id.* Thus, the basic pleading standards "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). Once the court has determined that the plaintiff has asserted "well-pleaded factual allegations," it "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*; *see also Atherton v. District of Columbia*, 567 F.3d 672, 681 (D.C. Cir. 2009).

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, the court must take as true all well-pleaded allegations of material fact and must construe them in the light most favorable to the plaintiff. *See* Fed. R. Civ. P. 12(b)(6).

"In determining whether a complaint fails to state a claim, courts may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which courts may take judicial notice. (…) [A]ny additional exhibits, including those in opposition to a defendants' motion to dismiss, must be considered in construing the sufficiency of the plaintiff's claims." *Shinabargar v. Bd. of Trs. of the Univ. of the D.C.*, 164 F. Supp. 3d 1, 8 (D.D.C. 2016). Additionally, "Fed. R. Civ. P. 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, to encourage brevity and, at the same time, give the defendant fair notice of what the claim is and the grounds upon which it rests. Although Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.*

LEGAL STANDARD FOR RULES 12(B)(4), 12(B)(5), AND 12(B)(2).

"A motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(4) challenges the sufficiency of process, while Rule 12(b)(5) motions challenge the sufficiency of service of process." *Richardson v. Roberts*, 355 F. Supp. 3d 367, 370 (E.D.N.C. 2019). The plaintiff bears the burden of establishing proper service. *Dalenko v. Stephens*, 917 F. Supp. 2d 535, 542 (E.D.N.C. 2013); *see also Mylan Labs., Inc. v. Akzo*, N.V., 2 F.3d 56, 60 (4th Cir. 1993) (holding that the plaintiff must prove service of process, if challenged). "Where a motion to dismiss is filed based on insufficient process or insufficient service of process, affidavits and other materials outside the pleadings may be properly submitted and considered." *Lackey v. Cty. of Macon*, No. 2:09CV42, 2009 WL 2462186, at *2 (W.D.N.C. Aug. 7, 2009); *U.S. ex rel. Metromont Corp. v. S.J. Constr., Inc.*, No. 1:09CV745, 2010 WL 2793919, at *2 (M.D.N.C. July 15, 2010).

Rule 12(b)(2) of the Federal Rules of Civil Procedure "provides for dismissal where the court lacks personal jurisdiction over a particular named defendant." *Protocol, LLC v. Henderson*, 18 F. Supp. 3d 689, 694 (M.D.N.C. 2014). "The court lacks personal jurisdiction over a defendant that has not been served properly." *Hammonds v. Dep't of Transportation of Div. of Motor Vehicles*, 2019 WL 5957178, at *1 (E.D.N.C. Nov. 12, 2019) (*citing Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)). When a defendant properly challenges the court's personal jurisdiction through a Rule 12(b)(2) motion, "the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

DISCUSSION

**I.    MS. WARREN'S COMPLAINT SHOULD NOT BE DISMISSED.**

A.  Plaintiff did not Fail to Exhaust Administrative Remedies for Title VII Claim.

Judge Rodriguez recommended the dismissal of this action.  The primary argument raised in Judge Rodriguez to dismiss is that Warren failed to exhaust her administrative remedies prior to filing suit.  "Because it is a mandatory claims processing rule, not a jurisdictional requirement, failure to exhaust administrative remedies under Title VII is an affirmative defense*.*" *Lopez v. Kendall*, No. 22-50411, 2023 U.S. App. LEXIS 5677, 2023 WL 2423473, at *1-2 (5th Cir. Mar. 9, 2023) (citing Ft. *Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1850-51 (2019)).  "[D]ismissal under [R]ule 12(b)(6) may be appropriate based on a successful affirmative defense," when the defense "appear[s] on the face of the complaint." *EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank*, 467 F.3d 466, 470 (5th Cir. 2006); see also Stevens v. St. Tammany Par. Gov't, 17 F.4th 563, 571 (5th Cir. 2021).  "Failure to notify the EEO counselor in a timely fashion may bar a claim" unless the claimant successfully asserts "a defense of waiver, estoppel, or equitable tolling." *Pacheco v. Rice*, 966 F.2d 904, 905 (5th Cir. 1992).

Judge Rodriguez noted that it appeared possible that Warren's Title VII claims are time-barred due to a failure to exhaust administrative remedies and noted that nothing in the order prevented the Department of Defense from moving to dismiss on that basis.  However, this allegation is improper.  Indeed, Ms. Warren filed a charge of discrimination with the Federal Aviation Administration EEO on March 17, 2021, and received a determination.  *See* Exhibit 1, Pre-Complaint Receipt.

In evaluating Defendant's motion to dismiss for failure to exhaust, Judge Rodriguez has not considered Warren's EEO documents.  Warren's Title VII claims raised in this lawsuit are

-8-

thus not time-barred. Moreover, by filing a Police Report and an internal complaint of the incident with her employer's Human Resources Department, Warren believed that she had to wait to file an EEOC claim. This could justify extending the 45-day period either under Section 1614.105(a)(2) or another equitable doctrine, either before the EEOC or this Court. *See Glover v. DeJoy*, No. SA-20-CV-01337-XR, 2021 U.S. Dist. LEXIS 109615, 2021 WL 2401390, at *2 (W.D. Tex. June 11, 2021) (granting Rule 12(b)(6) motion where "Plaintiff does not assert any facts that directly or indirectly show an excuse of waiver, estoppel, or equitable tolling for his failure to report his 2016 schedule change to the EEO within the 45-day time limit."); *see also Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002) (affirming 12(b)(6) dismissal and rejecting equitable tolling argument).

In summary, Warren's Complaint and the EEOC documents attached to her Complaint affirmatively establish that her discrimination and her retaliation claims are not unexhausted for failure to exhaust her administrative remedies.

> B. <u>*Res Judicata* Does Not Bar This Second Action Because Piedmont and American Airlines Group Should Not Be Considered Parties in Privity.</u>

Magistrate Judge Susan Rodriguez's Memorandum and Recommendation should not be adopted. For the doctrine of *res judicata* to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits. *Nash County Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981). Considering that Piedmont Airlines, Inc. And American Airlines Group, Inc. should not be considered parties in privity, Ms. Warren's claims are not barred by the doctrine of *res judicata*.

Generally speaking, for *res judicata* to bar a claim, the parties in the prior action must be identical to the parties in the new action. *See Taylor v. Sturgell*, 553 U.S. 880, 892-93, 128 S. Ct.

2161, 171 L. Ed. 2d 155 (2008). However, this general rule is subject to exceptions. *Id*. at 893. One such exception includes privity. *See Hart v. Yamaha-Parts Distribs., Inc.*, 787 F.2d 1468, 1472 (11th Cir. 1986). "Privity describes a relationship between one who is a party of record and a nonparty that is sufficiently close so a judgment for or against the party should bind or protect the nonparty." *Hart*, 787 F.2d at 1472 (citing *S.W. Airlines Co. v. Tex. Int'l Airlines*, 546 F.2d 84, 95 (5th Cir. 1977)) (internal quotations omitted). Privity between a party and nonparty exists "where the nonparty has succeeded to the party's interest in property, where the nonparty controlled the original suit, where the nonparty's interests were represented adequately by the party in the original suit, and where the party and nonparty have concurrent interest in the same property right." *Id*. "The concept of privity requires an alignment of interests and not an exact identity of parties." *Weinberger v. ASCII Group, Inc.*, 510 F.3d 486, 492 (4th Cir. 2007).

Here, in spite of Defendant Piedmont being a subsidiary company of American Airlines Group, the parties are not in privity with one another. Piedmont does not minimally explain what alignment of interests are shared between the two companies. Whatever the outer boundaries of privity may be, Federal Courts have long held that "[a]t a minimum, privity requires a showing that the parties in the two actions are 'really and substantially in interest the same.'" *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1174 (10th Cir. 1979). And Defendant fails to do so. Defendant tries to claim privity for purposes of *res judicata*, but also independence from Ms. Warren's employer, PSA, for her Title VII and negligence claims. There is an inherent conflict between its assertions that Defendants' corporate dependence must be respected for privity purposes but disregarded for discrimination purposes. For Piedmont, it is appropriate to ignore the parties' legal separateness when assessing its liability for Warren's damages, but that it is inappropriate to do so outside that context. Having

-10-

done so, Defendant cannot now have it both ways: either Defendants Piedmont, AAG, and PSA are in privity with one another for both liability and res judicata purposes, or they are not in privity for either purpose. *See R.G. Fin. Corp. v. Vergara-Nunez*, 446 F.3d 178, 186 (1st Cir. 2006) (analyzing privity under Puerto Rico res judicata statute, which is construed "pragmatically"). In sum, there is simply no way to see how the sister subsidiary and the parent can be tied so closely for purposes of the res judicata analysis, and also considered separate entities in terms of being Plaintiff's employer.

*Res judicata* bars relitigation of the same cause of action between the original parties or those in privity with them when there has been a prior judgment on the merits. In a *res judicata* context, privity has been described as mutual or successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right. In a *res judicata* context, a privy is one so identified in interest with a party to the former litigation that he or she represents precisely the same legal right in respect to the subject matter of the case. Ms. Warren has a total of 4 claims, which include intentional infliction of emotional distress and discrimination based on race. Given the law of claim preclusion, the remainder of the issues of wrongful termination and implied breach of contract should combine. To get a final decision on one of the claims and not the totality would place Ms. Warren in the exact position that *res judicata* seeks to prevent.

  C. <u>Plaintiff's Complaint does Not Fail to State Her Claims For Negligent Infliction Of Emotional Distress, Assault, and Negligent Retention And Supervision Upon Which Relief Can Be Granted Against Piedmont Under a Theory of *Respondeat Superior* or as a Matter of Law.</u>

"An *employer* is liable under *respondeat superior* where: '(1) the *employer* expressly authorizes the *employee's* act; (2) the tort is committed by the *employee* in the scope of

employment and in furtherance of the employer's business; or (3) the *employer* ratifies the *employee's* tortious conduct.'" *Cummings v. Lumbee Tribe of N. Carolina*, 590 F. Supp. 2d 769, 775 (E.D.N.C. 2008) (*quoting Denning–Boyles v. WCES, Inc.*, 123 N.C. App. 409, 414, 473 S.E.2d 38 (N.C. App. Ct. 1996)) (emphasis added); *see also Warren v. Burlington Indus., Inc.*, 93 N.C. App. 431, 436, 378 S.E.2d 232, 235 (1989) (*quoting Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 340 S.E.2d 116, *disc. rev. denied*, 317 N.C. 334, 346 S.E.2d 140 (1986)); *Graham v. Hardee's Food Systems, Inc.*, 465 S.E.2d 558 (N.C. Ct. App. 1996). In addition, North Carolina law recognizes a cause of action *against an employer* for negligence in retaining or supervising an employee whose wrongful conduct injures another. *See Hogan*, 79 N.C.App. at 494–95. Unlike the theory of *respondeat superior* which imposes liability on an employer for the negligence of its employees acting in the course and scope of their employment, the theory of negligent retention and supervision is a direct theory of negligence against the employer and is important in cases where the employee's acts were not within the scope of his or her employment. *Turner v. U.S.A. Logistics, Inc.*, No. 3:14-CV-289-DCK, 2016 WL 3607162, at *4 (W.D.N.C. July 1, 2016) (citing Hogan, 340 S.E.2d at 124). Lastly, to state a claim for Negligent Infliction of Emotional Distress, a plaintiff must show that: "(1) the defendant negligently engaged in conduct, (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress (often referred to as 'mental anguish'), and (3) the conduct did in fact cause the plaintiff severe emotional distress." *Guthrie*, 152 N.C. App. at 25 (*quoting Johnson v. Ruark Obstetrics*, 327 N.C. 283, 304, 395 S.E.2d 85, 97 (1990)).

      Defendant initially argues that it should not be held responsible by stating that it did not employ Roberts because "Plaintiff's Complaint repeatedly alleges that Roberts was an employee for PSA Airlines, Inc." Defendant's Motion at page 13. Defendant does not categorically deny

-12-

Case 3:23-cv-00022-RJC-SCR   Document 9   Filed 08/11/23   Page 12 of 16

that Roberts was Piedmont's employee, but rather relies on Ms. Warren's belief that he was a PSA pilot. At this particular moment, it is still unclear whether by whom Defendant Roberts was employed. Even though Ms. Warren made a choice to refer to PSA as Roberts' employer, PSA and Piedmont should be seen interchangeably in Plaintiff's Complaint, as there are factual gaps that can only be properly answered as this case progresses through Discovery. In addition to the general rule that employers or agents of an employer may "both be held liable for the agent's torts committed in the course and scope of the agency relationship under the doctrine of *respondeat superior,*" *Woodson v. Rowland*, 329 N.C. 330, 348, 407 S.E.2d 222, 233 (1991), as "North Carolina recognizes a cause of action against an employer for negligence in employing or retaining an employee whose wrongful conduct injures [a third party]." *Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 495, 340 S.E.2d 116, 123 (1986). A claim may be brought "as an independent tort based on the employer's liability to third parties." *Smith v. Privette*, 128 N.C. App. 490, 494, 495 S.E.2d 395, 398 (1998). "[U]nder the doctrine of negligent hiring or retention of incompetent or unfit employees, . . . the theory of liability is that the employer's negligence is a wrong to third persons, entirely independent of the employer's liability under the doctrine of *respondeat superior*." *O'Connor v. Corbett Lumber Corp.*, 84 N.C. App. 178, 182-83, 352 S.E.2d 267, 270-71 (1987). Considering that Piedmont could indeed be Roberts' former employer back when the incidents described in Plaintiff's complaint took place, it would be premature to dismiss Ms. Warren's claims against Defendant, even if Ms. Warren was just a third party employed by PSA, for example.

Defendant continues its argument by claiming that "1) there are no allegations that Piedmont (or any entity) authorized Roberts' alleged kiss (which Plaintiff characterizes as an "assault")" Defendant's Motion at 13, "2) the alleged kiss was within the course and scope of

-13-

Case 3:23-cv-00022-RJC-SCR   Document 9   Filed 08/11/23   Page 13 of 16

Roberts' duties as an airline pilot or in furtherance of Piedmont," *Id.,* "3) or that Piedmont somehow ratified Roberts' conduct /similar misconduct by Roberts was ever brought to Piedmont's attention prior to the June 3, 2019 incident." *Id.* Once again, these allegations are improper and premature. Ms. Warren indeed explained that the incident happened while she and Roberts were working, that, in spite of her efforts to report the incident, nothing was done by the Defendant in order to investigate it, and that the defendant negligently engaged in conduct to ignore Warren's, which caused her severe emotional distress. And this should be sufficient, at least now, to prevent the case's dismissal. This Court should not dismiss these counts merely because it doubts that a Plaintiff will prevail on a claim. In fact, the Court must only dismiss it if "it appears beyond doubt that the Plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *See* R. 12(b)(6); *See* also *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Ms. Warren's Complaint sufficiently pleads facts to state a claim for relief that is plausible on its face. *See Twombly* 550 U.S. at 555-56. While Defendant goes to great lengths to dispute the factual allegations contained within Ms. Warren's Complaint in order to allege that Plaintiff did not present all evidence and facts to support her claims , these arguments are inappropriate at this stage of the litigation. Particular factual disputes that surpass the elements of each cause of action presented shall and will be properly answered through discovery. In the meantime, this honorable Court must construe the facts on the face of the Complaint in the light most favorable to the non-moving party and accept as true the allegations in the Complaint. Furthermore, in considering a motion to dismiss, the court must take as true all well-pleaded allegations of material fact and must construe them in the light most favorable to the plaintiff. *See* Federal Rule of Civil Procedure 12(b)(6). Plaintiff meets her factual burden in the way that the allegations were set forth in the Complaint. Ms. Warren's allegations are based and rest upon

facts which "raise a right to relief above the speculative level." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974). Thus, they have merit. Defendant's arguments fail if the allegations brought by Plaintiff are taken as true. Nonetheless, Federal Rule of Civil Procedure 8 requires that a complaint contains a short and plain statement of the claim showing that the pleader is entitled to relief, to encourage brevity and, at the same time, give the defendant fair notice of what the claim is and the grounds upon which it rests. As such, this Court should not adopt Magistrate Judge Susan Rodriguez's Memorandum and Recommendation.

## CONCLUSION

**WHEREFORE**, Plaintiff prays that this Honorable Court does not adopt Judge Rodriguez's Memorandum and Recommendation in its entirety; Deny dismissal in favor of Defendants; and Grant any other remedy or relief deemed necessary and proper.

Date: Friday, August 11, 2023

Respectfully Submitted,

*Amanda Price*

Amanda Price, Esq.
*Counsel for the Plaintiff*
Maxwell and Price, LLP
NC Bar #57200
101 N. Tryon St
Charlotte, NC 28246

## **CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing Plaintiff's Objection was served on August 11, 2023, to all parties of record.

*Amanda Price*
_____
Amanda Price, Esq.
Attorney, NC Bar #57200