IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| CHARI WARREN, | ) |
| Plaintiff, | ) |
| v. | ) |
| THE ESTATE OF TIMOTHY JAY ROBERTS, PSA AIRLINES, INC., AND PIEDMONT AIRLINES, INC., | ) Civil Action No. 3:23-00022-RJC-SCR |
| Defendants. | ) |

**RESPONSE TO PLAINTIFF'S OBJECTION TO MEMORANDUM AND RECOMMENDATION AND ORDER**

COMES NOW Defendant Piedmont Airlines, Inc. ("Piedmont"), through the undersigned counsel, and files this response in opposition to Plaintiff's Objection to the United States Magistrate Judge Susan C. Rodriguez's Memorandum and Recommendation (Doc No. 9, hereinafter referred to as "Plaintiff's Objection"). As set forth more fully herein, Piedmont asks this Court to overrule Plaintiff's Objection, adopt United States Magistrate Judge Susan C. Rodriguez's Memorandum and Recommendation and Order (Doc. No. 8, hereinafter referred to as the "M&R") without modification, and grant Piedmont's Motion to Dismiss Plaintiff's Complaint (Doc. No. 4) with prejudice.

**INTRODUCTION**

On July 28, 2023, Magistrate Judge Susan C. Rodriguez ("Magistrate Judge") issued her M&R in which she recommended the District Court Judge grant Piedmont's Motion to Dismiss Plaintiff's Complaint with prejudice. The Magistrate Judge's M&R is thorough, well-reasoned, and her findings are dispositive to the issues presented. The M&R directly addresses the issues and arguments Plaintiff earlier raised in her Memorandum in Opposition to Defendant's Motion

1

to Dismiss ("Memorandum in Opposition") (Doc. No. 6), which was filed on March 1, 2023, and outlines supporting case authority for each refutation thereof. Plaintiff's Objection assigns no specific error to the M&R. Rather, it is a general and conclusory recitation of the same points Plaintiff made in her Memorandum in Opposition as to why her Complaint should not be dismissed with prejudice and reflects Plaintiff's general disagreement with the M&R's conclusion. Because Plaintiff's Objection fails to identify specific objections to the M&R, the District Judge's *de novo* review of the M&R is not warranted. Even if Plaintiff's conclusory objections warrant such a review, which they do not, for the reasons set forth in Piedmont's opening memorandum, reply, and the instant response, the Court should nevertheless adopt without modification the M&R (Doc. No. 8), and grant Piedmont's Motion to Dismiss Plaintiff's Complaint (Doc. No. 4) with prejudice.

## LEGAL ARGUMENT

### I. PLAINTIFF'S OBJECTION TO THE M&R IS NOT PROPER AND DOES NOT WARRANT *DE NOVO* REVIEW AND DETERMINATION BY THE DISTRICT JUDGE.

The Magistrate Judge makes only a recommendation to the District Judge. The responsibility to make a final determination remains with the District Judge. *Mathews v. Weber,* 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The District Judge is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the District Judge need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Orpiano v. Johnson,* 687 F.2d 44, 47 (4th Cir.1982). In other words, absent a specific and proper objection, the District Judge reviews only for "clear error," and need not give

any explanation for adopting the M&R. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC,* No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.,* 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano,* 687 F.2d at 47. An objection that "merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *United States v. Brooks*, 599 F. Supp. 3d 337, 340 (W.D.N.C. 2022) (internal citation omitted). A specific objection to the M&R requires more than a reassertion of arguments from the pleading or a mere citation to legal authorities. *Workman v. Perry,* No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). Further, "an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, is not an 'objection' as that term is used in this context." *Id*.; *See also Jones v. Hamidullah, No. 2:05-2736-PMD-RSC, 2005 WL 3298966 at *3 (D.S.C. Dec. 5, 2005)* (noting a petitioner's objections to a magistrate judge's report "on the whole are without merit in that they merely rehash [the] general arguments and do not direct the court's attention to any specific portion of the [report]").

Here, Plaintiff's Objection is not sufficiently specific to warrant *de novo* review of the M&R by the District Judge. *Tyler v. Beinor*, 81 F. App'x 445, 446 (4th Cir. 2003) (per curiam); *United States v. Woods*, 64 F. App'x 398, 399 (4th Cir. 2003) (per curiam). Plaintiff's Objection includes nothing more than general and conclusory arguments which do not direct the District Judge to a specific or clear error in the Magistrate Judge's proposed findings and

3

recommendations. To the contrary, Plaintiff's Objection merely rehashes the same arguments from her Memorandum in Opposition and generally disagrees with the Magistrate Judge's findings and conclusions. Accordingly, the District Judge should review only for "clear error," for which there is none, adopt the M&R without modification, and grant Defendant's Motion to Dismiss Plaintiff's Complaint.

> **A.  Plaintiff Fails to Identify Any Specific Error in the Magistrate Judge's Conclusion That Her State Law Claims for Negligent Infliction of Emotional Distress, Negligent Retention and Supervision, and Assault are Barred by *Res Judicata*.**

Plaintiff's Objection does not raise any valid legal or factual arguments to disturb the Magistrate Judge's finding that Piedmont and its parent, American Airlines Group, Inc. ("AAG"), are parties in privity for the purpose of *res judicata*. Rather, Plaintiff's Objection recites the same argument **<u>verbatim</u>** as set forth in Plaintiff's Memorandum in Opposition as to why AAG, the named defendant in *Warren v. Am. Airlines Grp.*, No. 3:22-CV-00062-RJC-DSC (W.D.N.C.) (Doc. No. 1-1) (hereinafter "*Warren I*") and Piedmont, the named defendant in this action (hereinafter "*Warren II*"), should not be considered parties in privity for purposes of *res judicata*. (*Cf.* Doc. No. 6, p. 6-7 and Doc. No. 9, p. 9-11).[1] As set forth above, this is not sufficient and does not entitle Plaintiff to a *de novo* review of the M&R by the District Judge. *See Brooks*, 599 F. Supp. 3d at 340.

Even if this was a proper objection, the Magistrate Judge considered Plaintiff's position previously outlined in her Memorandum in Opposition that Piedmont and AAG should not be considered parties in privity and rejected it, accurately concluding that "Plaintiff's position is contrary to applicable law." (Doc. No. 8 p. 11). In both Plaintiff's Memorandum in Opposition

---

[1] Plaintiff's Objection admits that the allegations and language in the Complaint in *Warren II* are verbatim from the Complaint in *Warren I*, but merely reorganized. (Doc. 9 at 3.)

and Objection to the M&R, Plaintiff acknowledged and did not dispute that Piedmont is a subsidiary of AAG. (Doc. No. 6, p. 6 and Doc. No. 9 p. 10). The Magistrate Judge correctly applied the law in this Circuit – that a parent company and its subsidiary are in privity for the purposes of claim preclusion – and cited a plethora of case law in the M&R in support of the conclusion that AAG and Piedmont, as parent and subsidiary, are parties in privity for the purpose of *res judicata* (claim preclusion)*.* (Doc. No. 8, p. 11-12). Plaintiff's disagreement with the law in this circuit and the Magistrate Judge's factually and legally correct conclusion does not warrant a different ruling.

Because the Magistrate Judge correctly concluded that Plaintiff's state law claims of negligent infliction of emotional distress, assault, and negligent retention and supervision claims (collectively "Plaintiff's state law claims") are barred by *res judicata*, the Magistrate Judge did not address Piedmont's additional arguments in support of the dismissal of Plaintiff's state law claims. (Doc. No. 8, p. 8 fn. 7). Nevertheless, Plaintiff attempted but failed to properly object to the Magistrate Judge's conclusion. (Doc. No. 9, p. 11-15). Plaintiff's Objection again recites the same argument **_verbatim_** as set forth in Plaintiff's Memorandum in Opposition as to why her Plaintiff's state law claims should not be dismissed. (*Cf.* Doc. No. 6, p. 7-10 and Doc. No. 9, p. 11-15). Plaintiff's improper "objection" should not be considered. The Magistrate Judge correctly concluded that Plaintiff's state law claims are barred by *res judicata* and thus consideration of additional arguments in support of dismissal of Plaintiff's state law claims is not necessary and would not change the ultimate dismissal of Plaintiff's state law claim.

Accordingly, the Magistrate Judge's finding in support of the dismissal of Plaintiff's state law claims with prejudice on the ground of *res judicata* should be adopted without modification.

**B. Plaintiff Fails to Identify Any Specific Error in the Magistrate Judge's Conclusion That Her Title VII Claim Should Be Dismissed for Failure to Exhaust Administrative Remedies.**

In the M&R, the Magistrate Judge recommended dismissal of Plaintiff's claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), correctly concluding that Plaintiff failed to exhaust her administrative remedies. (Doc. No 8, p. 9). As the Magistrate Judge explained, "Plaintiff did not allege, or even argue, that she filed an EEOC charge prior to filing this action…" (Doc. No 8. p. 9). In her Objection, Plaintiff now argues **_for the first time_** that her Title VII claim should not be dismissed for failure to exhaust administrative remedies because she "filed a charge of discrimination with the Federal Aviation Administration EEO on March 17, 2021, and received a determination." (Doc. No. 9, p. 8).[2] This argument is without merit. Any EEO complaint action Plaintiff allegedly initiated with the Federal Aviation Administration ("FAA") EEO office is a red herring and not relevant to her Title VII claim against Piedmont, a private sector employer, not a federal agency. There remains no evidence that Plaintiff filed a charge of discrimination against Piedmont with the EEOC and exhausted her administrative remedies prior to filing this Title VII civil action as required as a matter of law.

Title VII creates a right of action for both private-sector and certain federal employees alleging employment discrimination on the basis of race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e–5(f)(1) (private-sector employees); 42 U.S.C. § 2000e–16(c) (federal employees). "All employees, private-sector or federal, alleging such discrimination must, however, exhaust their administrative remedies before exercising this right." *Laber v. Harvey*, 438 F.3d 404, 415 (4th Cir. 2006). The administrative remedies available for federal employees are broader and differ from the administrative remedies for employees in the private sector. *Id.* at 416.

---

[2] Plaintiff did not allege that she filed a charge of discrimination with the Federal Aviation Administration in *Warren I*. *See Warren v. Am. Airlines Grp.*, No. 3:22-CV-00062-RJC-DSC (W.D.N.C.) (Doc. No. 1-1).

A federal sector employee, including individuals who work at the FAA, who believe they have been discriminated against due to sex, among other protected characteristics, may file an EEO discrimination complaint against the federal agency in question through the agency's EEO office. 29 C.F.R. § 1614.101, *et seq.*; U.S. Equal Employment Opportunity Commission, *Overview Of Federal Sector EEO Complaint Process*, (Aug. 23, 2023), https://www.eeoc.gov/federal-sector/overview-federal-sector-eeo-complaint-process. A federal sector employee must initially contact the agency EEO counselor within 45 days of the alleged discriminatory matter. 29 C.F.R. § 1614.105. This initial step does not amount to filing a formal discrimination complaint against the agency. If the complaint is not resolved with the EEO counselor either through alternative dispute resolution or EEO counseling, the federal sector employee can then file a formal discrimination complaint against the agency with the agency's EEO Office. 29 C.F.R. § 1614.106. The federal agency processes and investigates the discrimination complaint. 29 C.F.R. §§ 1614.107-109. The federal agency then issues a final agency decision which the federal sector employee can appeal to the EEOC Office of Federal Operations. 9 C.F.R. §§ 1614.109.

Only upon the completion of this administrative process can a federal sector employee bring a Title VII civil action. Specifically, the federal regulations provide that civil actions may be filed in an appropriate federal court: (1) within 90 days of receipt of the final action where no administrative appeal has been filed; (2) after 180 days from the date of filing a complaint if an administrative appeal has not been filed and final action has not been taken; (3) within 90 days of receipt of EEOC's final decision on an appeal of an agency decision; or (4) after 180 days from the filing of an appeal with EEOC if there has been no final decision by the EEOC. 29 C.F.R. § 1614.407.

This action is against Piedmont, a private employer. Plaintiff has not alleged that she was a federal sector employee or an employee of the FAA. Plaintiff has not alleged that Piedmont and the FAA are one in the same. Rather, she alleged she was an airline gate agent for Piedmont, "a company incorporated in the United States and doing business in North Carolina." (Doc. 1-2, pp. 7 ¶ 1, 8 ¶ 13). Piedmont is a private employer and is not subject to the EEO complaint processing procedures applicable to federal employers.[3] *See* 29 C.F.R. § 1614.103. Consequently, Plaintiff's last-ditch effort to save her Title VII claim should be summarily rejected.

Plaintiff's Complaint does not allege that she "filed a charge of discrimination with the Federal Aviation Administration EEO on March 17, 2021, and received a determination." In reviewing a Rule 12(b)(6) motion to dismiss, "the court should accept as true *all well-pleaded allegations* and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) (emphasis added). And, generally, the court may not look beyond the four corners of the complaint when evaluating a Rule 12(b)(6) motion to dismiss except to consider materials incorporated into the complaint by reference so long as they are integral to the complaint and authentic. *Zsigray v. Cnty. Comm'n of Lewis Cnty., W. Virginia*, 709 F. App'x 178, 179 (4th Cir. 2018). Accordingly, Plaintiff's failure to allege in the Complaint that she "filed a charge of discrimination with the Federal Aviation Administration EEO on March

---

[3] Even ignoring the foregoing and assuming *arguendo* that Piedmont was a federal employer, Plaintiff still has failed to exhaust administrative remedies necessary for her Title VII claim to survive. Plaintiff did not timely initiate the federal EEO Complaint against the FAA. As seen in Exhibit 1 to Plaintiff's Objection (Doc. 9-1), Plaintiff appears to have contacted the FAA EEO Complaint Program on March 17, 2021. This was far more than 45 days after the alleged discriminatory incident described in the Complaint which allegedly occurred years earlier on June 3, 2019. (Doc. 1-2, p. 6). Thus, Plaintiff did not timely initiate the federal EEO complaint process, even if it was applicable here, which it is not. The 45-day time limit can be extended in certain situations such as where the aggrieved individual shows that she was not notified of the time limit and was not otherwise aware of it, she did not and reasonably should not have known that the discriminatory matter occurred, or despite due diligence she was prevented by circumstances beyond her control from contacting the counselor within the time limits. 29 C.F.R. § 1614.105(a)(2). However, Plaintiff has not presented any legitimate reason for an extension of the 45-day time limit here. Again for the purposes of argument only, there is nothing to support that Plaintiff ever filed a formal complaint with the FAA and was issued a final agency action notifying her of her right to file a civil lawsuit under Title VII. Therefore, Plaintiff's latent argument here fails on every level.

17, 2021, and received a determination" (Doc. No. 9, p. 8) precludes the Court from considering it when in reviewing Defendant's Motion to Dismiss.[4] Plaintiff's argument should be rejected.

The Magistrate Judge accurately noted in the M&R, "Plaintiff did not allege, or even argue, that she filed an EEOC charge prior to filing this action…" and correctly concluded that Plaintiff failed to exhaust administrative remedies. (Doc. No 8. p. 9). Accordingly, the District Judge should adopt the M&R without modification and dismiss Plaintiff's Title VII claim with prejudice.

## CONCLUSION

The Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law in the M&R. Plaintiff failed to present any proper, specific, or valid objection to it. Accordingly, Piedmont respectfully requests that the Court adopt the M&R (Doc. 8) without modification, and grant Piedmont's Motion to Dismiss Plaintiff's Complaint (Doc. No. 4) with prejudice.

Dated this the 25th day of August, 2023.

Respectfully submitted,

/s/Meredith F. Hamilton
Kelly S. Hughes, NC #33439
Meredith F. Hamilton, NC #50703
*Attorneys for Defendant Piedmont Airlines, Inc.*
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC  28244
Telephone:  704-342-2588
Facsimile:  704-342-4379
Email:  kelly.hughes@ogletree.com
        meredith.hamilton@ogletree.com

---

[4] Plaintiff's Objection states that "Judge Rodriguez noted that it appeared possible that Warren's Title VII claims are time-barred due to a failure to exhaust administrative remedies and noted that nothing in the order prevented the Department of Defense from moving to dismiss on that basis. However, this allegation is improper." (Doc. No. 9, p. 9). The Magistrate Judge did not make any such statement in the M&R.

# CERTIFICATE OF SERVICE

I, Meredith F. Hamilton, hereby certify that I have this day electronically filed the foregoing **DEFENDANT PIEDMONT AIRLINES, INC.'S RESPONSE TO PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION AND ORDER** with the Clerk of Court using the CM/ECF system which will send notice of the same to the following individuals:

Amanda Price
*Attorney for Plaintiff*
Maxwell and Price, LLP
101 N. Tryon Street
Charlotte, NC 28246
Telephone: (704) 444-0537
Email: amanda@mapllp.com

Dated this the 25th day of August, 2023.

/s/Meredith F. Hamilton
Meredith F. Hamilton, NC #50703
*Attorney for Defendant Piedmont Airlines, Inc.*
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC 28244
Telephone: 704-342-2588
Facsimile: 704-342-4379
Email: meredith.hamilton@ogletree.com