UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00022-RJC-SCR

| CHARI WARREN, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | **ORDER** |
| PSA AIRLINES, INC., PIEDMONT AIRLINES INC., THE ESTATE OF TIMOTHY JAY ROBERTS, | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on Defendant Piedmont Airlines Inc.'s Motion to Dismiss, (Doc. No. 4), and the Magistrate Judge's Memorandum and Recommendations ("M&R"). (Doc. No. 8). For the reasons below, the M&R is **ADOPTED**, and the Motion to Dismiss is **GRANTED**.

I.  BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R, reviewing only those facts most pertinent to the issues at hand. Plaintiff Chari Warren brought this action against her employer, Piedmont Airlines Inc. ("Piedmont"), Piedmont's corporate parent, PSA Airlines, and a pilot, Timothy Jay Roberts, based on alleged sexual harassment by Mr. Roberts. She included a Title VII claim for hostile work environment, (Count I), and North Carolina state law claims for negligent retention and supervision (Count II), negligent infliction of emotional distress (Count III), and assault (Count IV). (Doc. No. 1-2).

1

Piedmont moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), (5), and (6) for lack of personal jurisdiction, insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted, maintaining that the doctrine of res judicata and Warren's failure to exhaust her administrative remedies together preclude all claims in this action. (Doc. Nos. 4, 5). After reviewing Piedmont's arguments, the Magistrate Judge addressed Warren's complaint on its merits, rather than focusing on Piedmont's arguments around insufficiency of process and service of process, and recommended that Warren's Title VII claim be dismissed for failure to timely file a complaint with the Equal Employment Opportunity Commission ("EEOC") and that Warren's state law claims be dismissed under the doctrine of res judicata.

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Likewise, merely reiterating the same arguments made in the pleadings or motion submitted to the Magistrate Judge does not warrant de novo review. *See United States v. Midgette*, 478 F.3d 616, 620–21 (4th Cir. 2007); *Durkee v. C.H. Robinson Worldwide, Inc.*,

765 F. Supp. 2d 742, 747 (W.D.N.C. 2011), *aff'd sub nom.*, *Durkee v. Geologic Sols., Inc.*, 502 F. App'x 326 (4th Cir. 2013).

The standard of review for a motion to dismiss is well known. "A motion to dismiss under Rule 12(b)(6) 'challenges the legal sufficiency of a complaint,' including whether it meets the pleading standard of Rule 8(a)(2)." *Fed. Nat'l Mortg. Ass'n v. Quicksilver LLC*, 155 F. Supp. 3d 535, 542 (M.D.N.C. 2015) (quoting *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009)). A complaint attacked under Rule 12(b)(6) will survive if it contains enough factual matter "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An allegation is facially plausible if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are not necessary, and the statement need only "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration omitted). Additionally, when ruling on a motion to dismiss, a court must "view the complaint in a light most favorable to the plaintiff," *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), accept the complaint's factual allegations as true, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and refrain from weighing the facts or assessing the evidence. *Potomac Conf. Corp. of Seventh-Day Adventists v. Takoma Acad. Alumni Ass'n, Inc.*, 2 F. Supp. 3d 758, 768 (D. Md. 2014). Nonetheless, a court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), and

though the Court views the facts in the light most favorable to the plaintiff, a complaint tendering "naked assertions devoid of further factual enhancement" cannot proceed. *Iqbal*, 556 U.S. at 678.

### III. DISCUSSION

Warren objects to the M&R on two bases: first, she argues that her Title VII claims are not time barred because she filed a "pre-complaint" with the Federal Aviation Administration, and, further, because she "believed she had to wait to file an EEOC claim" after filing a police report and an internal complaint. (Doc. No. 9 at 8-9). Second, Warren argues that res judicata does not bar her state law claims because Piedmont and PSA Airlines are not in privity, and, further, because those claims do indeed state a right to relief that is "plausible on its face."[1] *See Twombly*, 550 U.S. at 570; (Doc. No. 9 at 9-14).

#### A. Warren Failed to Exhaust Her Administrative Remedies

Before filing suit in federal court, Title VII plaintiffs must exhaust their administrative remedies by filing a charge of discrimination with the EEOC within 180 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(b), (e)(1); *Fort Bend Cnty., Texas v. Davis*, 139 S. Ct. 1843, 1846 (2019). Failure to file under the 180-day rule can be grounds for dismissal. *See Stewart v. Iancu*, 912 F.3d 693, 702 (4th Cir. 2019) (designating Title VII's 180-day waiting period as a "non-jurisdictional rule" that "imposes a mandatory obligation on litigants" and that district courts should address under Rule 12(b)(6)).

As Warren failed to allege that she filed an EEOC charge either in her complaint or her brief in opposition to Piedmont's Motion to Dismiss, (Doc. Nos. 1-2, 6), and "the time for doing

---

[1] In arguing that her complaint "state[s] a claim for relief that is plausible on its face," Warren incorporates, verbatim, a large section of her Response to Piedmont's Motion to Dismiss. (Doc. No. 6 at 7-10; Doc. No. 9 at 11-15). The Court need not address these "merely reiterat[ed]" arguments de novo, *see Midgette*, 478 F.3d at 620–21, and, in any event, Warren objects to a non-existent decision; the Magistrate Judge recommended dismissal of Warren's claims for failure to exhaust administrative remedies and under the doctrine of res judicata.

so has long expired," the Magistrate Judge recommended dismissal of Warren's Title VII claim. (Doc. No. 8). In her objections to that dismissal, however, Warren shares new facts: first, she notes that she filed an online "Pre-Complaint of Discrimination" with the Federal Aviation Administration ("FAA") on March 17, 2021, (Doc. No. 9 at 8), and second, though she admits she did not file the necessary EEOC charge, she claims she believed she had to wait to do so after filing a Police Report and an internal complaint. Neither of Warren's objections have merit.

To begin, the statutory requirement is unambiguous: "Title VII directs that a charge shall be filed with the EEOC." *Davis*, 139 S. Ct. at 1846 (cleaned up). Warren points to no statute or case law – nor could she – that exchanges those EEOC filing requirements for a filing with the Federal Aviation Administration.[2] Moreover, even if Warren's Federal Aviation Administration "Pre-Complaint of Discrimination" was sufficient under Title VII, it was still untimely; the alleged violation took place on June 3, 2019, and Warren filed her "Pre-Complaint of Discrimination" on March 17, 2021, well past the 180-day statutory requirement. (Doc. 8 at 1); 42 U.S.C. § 2000e-5(b), (e)(1).

Warren's equitable argument is also unpersuasive. With little explanation, Warren argues that her mistaken "belie[f] that she had to wait to file an EEOC claim … could justify extending the 45-day period either under Section 1614.105(a)(2) or another equitable doctrine." (Doc. No. 9 at 9 (citing 29 C.F.R. § 1614.105)). Section 1614.105 is inapplicable; Warren is not a federal sector employee. *See* 29 C.F.R. § 1614.103. Nor does any other equitable doctrine justify tolling. "Filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to

---

[2] Warren does note that a section of the Code of Federal Regulations provides that, if the complainant is a federal employee, the complainant must consult a counselor within forty-five days of the alleged incident before filing a federal lawsuit. 29 C.F.R. § 1614.103, 1614.05. Warren is not a federal employee, however, and furthermore, the Code of Federal Regulation's counselor requirement supplements – not replaces – a filing with the EEOC, as required by 42 U.S.C. § 2000e-5.

5

suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 386 (1982). "Equitable tolling is reserved," however, "for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Coleman v. Talbot Cnty. Det. Ctr.*, 242 F. App'x 72, 74 (4th Cir. 2007). Accordingly, the Court's use of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Gayle v. UPS*, 401 F.3d 222, 226 (4th Cir.2005) (internal quotation marks omitted).

To justify equitable tolling, Warren must show "(1) extraordinary circumstances, (2) beyond [her] control or external to [her] own conduct, (3) that prevented [her] from filing on time." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (internal quotation marks omitted). Warren offers no evidence of extraordinary circumstances – within or beyond her control – that might have prevented her from filing on time. She therefore fails on each of these prongs. Thus, the Court declines to toll Title VII's requirements, and Warren failed to exhaust her administrative remedies under Title VII.

### B. The Res Judicata Doctrine Bars Warren's State Law Claims

"Res judicata or claim preclusion bars a party from suing on a claim that has already been litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action." *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (internal quotations omitted). To dismiss a claim under the doctrine of res judicata, a defendant must establish three elements: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their

privies in the two suits. *Pueschel v. U.S.*, 369 F.3d 345, 354-55 (4th Cir. 2004).

The Magistrate Judge recommended dismissal of Warren's complaint under the doctrine of res judicata, finding that Warren's earlier litigation in *Warren v. American Airlines Group et al.*, 3:22-cv-00062-RJC-DSC (W.D.N.C) ("*Warren I*") satisfied each of the three necessary elements. Warren objects to the Magistrate Judge's recommendation on the second element: whether the defendant established "an identity of parties or their privies in the two suits." In objecting to the Magistrate Judge's findings, Warren raises no new arguments – indeed, much of her arguments are copied verbatim from her Response in Opposition to Piedmont's Motion to Dismiss, and those arguments do not warrant de novo review. (Doc. Nos. 6, 9); *see Midgette*, 478 F.3d at 620–21. Even assuming Warren's arguments on privity were original to her objections, however, her arguments still fail.

To be in privity with a party to a former litigation, a third party must be "so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved." *Martin v. Am. Bancorporation Ret. Plan*, 407 F.3d 643, 651 (4th Cir. 2005) (citing *Jones v. SEC*, 115 F.3d 1173, 1180 (4th Cir.1997)); *cf. Dunlap v. Cottman Transmissions Sys., LLC*, 689 F. App'x 188, 189 (4th Cir. 2017) ("The definition of privity is especially broad when, as here, res judicata is invoked against a plaintiff who has repeatedly asserted essentially the same claims against different defendants."). It is well-established in the Fourth Circuit that subsidiaries are in privity with their parent companies for purposes of res judicata. *See Saudi v. V. Ship Switzerland, S.A.*, 93 F. App'x 516, 520 (4th Cir. 2004) ("We have no trouble concluding that Automar was in privity with its wholly-owned

7

subsidiary Osprey for the purposes of claim preclusion").[3] Warren admits that "Piedmont [is] a subsidiary company of American Airlines Group," (Doc. No. 9 at 10), and she offers no legal grounds for this Court to ignore controlling precedent. Accordingly, Piedmont and American Airlines Group are in privity as parent and subsidiary corporations, and, in light of *Warren I*, the doctrine of res judicata bars Warren's state law claims.

IV.  **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. The M&R, (Doc. No. 8), is **ADOPTED**;

2. Defendant Piedmont Airlines Inc.'s Motion to Dismiss, (Doc. No. 4), is **GRANTED**; and

3. Warren's Complaint, (Doc. No. 1-2), is **DISMISSED WITH PREJUDICE**.

The Clerk is directed to close this case.

Signed: September 14, 2023

Robert J. Conrad, Jr.
United States District Judge

---

[3] *See also Hepburn v. Nat'l Ctr. on Institutions & Alternatives, Inc.*, 409 F. Supp. 2d 639, 642 (D. Md. 2006), *aff'd sub nom. Hepburn ex rel. Hepburn v. Nat'l Ctr. on Institutions & Alternatives, Inc.*, 220 F. App'x 216 (4th Cir. 2007) ("The relationship between [the two companies] is that of parent and subsidiary, which is sufficient to establish privity between the parties."); *Mas Assocs., LLC v. Venick*, No. SAG-22-03195, 2023 U.S. Dist. LEXIS 112405, at *14 (D. Md. June 28, 2023) ("[A] corporation and its wholly owned subsidiary are in privity for purposes of res judicata."); *Barrett v. PAE, Inc*., Civil Action No. 1:21-cv-00107 (RDA/JFA), 2022 U.S. Dist. LEXIS 28404, at *18 (E.D. Va. Feb. 16, 2022) ("A wholly owned subsidiary is considered in privity with its parent company when applying res judicata principles."); *Ultra-Mek, Inc. v. United Furniture Indus.*, No. 1:18CV281, 2021 U.S. Dist. LEXIS 60685, at *19 (M.D.N.C. Mar. 30, 2021) ("A parent company and its subsidiary are in privity for purposes of claim preclusion."); *Burrs v. United Techs. Corp*., No. 1:18-CV-491, 2018 U.S. Dist. LEXIS 187929, at *6 (M.D.N.C. Nov. 2, 2018) ("The parent-subsidiary relation establishes a sufficient commonality of interest to meet the privity requirement.").